(No. 44688.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. WILLIE E. HENDRIX, Appellee.

*Opinion filed April 2, 1973.*

GOLDENHERSH, J., concurring.
WARD, J., dissenting.

WILLIAM J. SCOTT, Attorney General, of Spring-field, and R. W. GRIFFITH, JR., State's Attorney, of Edwardsville (JAMES B. ZAGEL and JAYNE A. CARR, Assistant Attorneys General, of counsel), for the People.

PAUL E. RIELY, Public Defender, of Edwardsville, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

An indictment which charged the defendant, Willie E. Hendrix, with theft of an automobile valued at more than $150 was dismissed by the circuit court of Madison County on the ground that the defendant had been deprived of his right to a prompt preliminary hearing under section 7 of article I of the constitution of 1970.

The State has appealed, and because the trial court also held invalid a section of the Code of Criminal Procedure, the appeal was properly taken directly to this court. Ill. Rev. Stat. 1971, ch. 110A, par. 603.

Section 7 of article I provides:

> "No person shall be held to answer for a criminal offense unless on indictment of a grand jury, except in cases in which the punishment is by fine or by imprisonment other than in the penitentiary, in cases of impeachment, and in cases arising in the militia when in actual service in time of war or public danger. The General Assembly by law may abolish the grand jury or further limit its use.
>
> No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

The official explanation of this section stated:

> "This changes Article II Section 8 of the 1870 Constitution. It continues the right to a grand jury indictment but authorizes the General Assembly to limit as well as abolish the use of the grand jury. It also grants the right to a preliminary hearing to anyone accused of a felony who was not originally charged by a grand jury."

The indictment states the year, make, model and engine number of the stolen car, gives the name of the owner, and charges that the car was stolen by the present defendant and a co-defendant on or about August 6, 1971. It appears to be agreed that a complaint of some kind was made on August 6, or 7, 1971, which charged the defendants with theft of the same car that is described in the indictment. That complaint, however, is not in the record. The defendant was apparently brought before the circuit court of Madison County on August 18, 1971, at which time it was ordered that a preliminary hearing be held, although no specific date was set for the hearing. On August 19, 1971, the grand jury returned an indictment which charged the defendant with the theft of the same automobile described in the complaint.

On August 24, 1971, a motion for discovery before trial was filed by the public defender on behalf of the defendant. On August 25 that motion was allowed in part and denied in part, and on that date the defendant was arraigned and entered a plea of not guilty. On August 30 the State filed its response to the motion for discovery. Among the witnesses listed in the response were two sergeants of police from the Jackson, Tennessee, police department. In answer to a question which called for all written or recorded statements made by the accused or his co-defendant, the response stated: "Both defendants admitted that they took the auto from Midtown Auto Sales, Alton, Illinois. Witnesses are unknown at this time as the admissions were made in Jackson, Tennessee." The response further stated: "At this time the People have no knowledge of the witnesses that were present at the scene of the defendant's arrest inasmuch as the arrest was made in Jackson, Tennessee."

On August 29, the defendant filed a motion to dismiss the indictment on the ground that he had been originally charged by a criminal complaint, rather than by indictment, and that no preliminary hearing had been held. When this motion came on for hearing on September 3, 1971, the prosecution offered to hold a preliminary hearing in order to cure any possible defect. In response the public defender stated: "Your Honor, in reply to that we believe the Constitution is specific in saying that a prompt preliminary hearing has to be given to establish probable cause prior to indictment, and the mere showing that the State would give a preliminary hearing after already violating the Constitution by indicting the man may not cure the defect."

The trial judge then granted the defendant's motion to dismiss stating that "the State's offer at this time to hold a preliminary hearing does not cure the defect," and that the defendant had not waived the right by his failure to demand a hearing prior to August 19. On September 13,

1971, the court amended its order to include a declaration that that portion of section 111—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 111—2(a)) which provides: "If the defendant is charged with the commission of a felony *** a preliminary hearing *** shall be conducted *** unless a Bill of Indictment upon the same felony charge is returned in open court prior to such hearing ***" has been rendered unconstitutional by section 7 of article I of the Illinois constitution of 1970.

Just when the defendant was taken into custody by Illinois authorities, and just when he was brought back to Illinois does not appear. The prosecution's brief states: "The defendant Willie Hendrix was arrested on August 7, 1971 in Jackson, Tennessee on a charge of larceny of auto accessories. At the time of his arrest, defendant was driving an automobile which had been stolen on August 6, 1971, from an auto lot in Alton, Illinois. An Illinois warrant against the defendant was issued on August 7, 1971. Following a decision not to prosecute by the Tennessee authorities and a waiver of extradition by the defendant, Hendrix was returned to Illinois." In his brief in this court the defendant states that "he was arrested on August 16, 1971 and was brought for his first appearance on August 18, 1971 before an associate judge of the Madison County Circuit Court." The trial judge referred to the 18th of August as "the day after the defendant was arrested and apparently the same day on which he was indicted."

While section 7 of article I of the constitution provides that the General Assembly "may abolish the grand jury, or further limit its use," the General Assembly has not done either. The Code of Criminal Procedure still provides: "All prosecutions of felonies shall be by indictment unless waived understandingly by the accused in open court, and unless the State expressly concurs in such waiver in open court." (Ill. Rev. Stat. 1971, ch. 38, par.

111—2.) The offense involved in this case is a felony (Ill. Rev. Stat. 1971, ch. 38, par. 16—1), and there has been no waiver of indictment. If the defendant was to be prosecuted for the offense, he had to be indicted. Without an indictment he could never have been "held to answer," or brought to trial, and the assertion of the public defender, acquiesced in by the trial judge, that the State had violated the constitution by indicting the defendant, is patently unsound.

As has been noted, the record in this case does not contain the document which is said to constitute the "initial charge" within the meaning of section 7 of article I. We do not know the date when the defendant was returned to this State or when he came into the custody of its law-enforcement officers. What we do know is that the defendant waived an extradition hearing in Tennessee, that he was apparently promptly indicted upon his return to Illinois, and that he then rejected a proffered preliminary hearing in Illinois, apparently for the sole reason that the indictment had been returned before the preliminary hearing could be conducted.

The second paragraph of section 7 does not provide a grant of immunity from prosecution as a sanction for its violation. Nor would an interpretation make sense which required the dismissal of the present indictment and the discharge of the defendant, to be followed by his reindictment and rearrest upon a new indictment. What is a prompt preliminary hearing must, of course, depend upon an appraisal of all of the relevant circumstances, and in this case it does not appear that there was any violation of the defendant's constitutional right to a prompt preliminary hearing.

The judgment of the circuit court of Madison County is reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE GOLDENHERSH, specially concurring:

I concur in the result reached by the majority but do not agree with all that was said in the opinion. I do not interpret the statement of the experienced public defender to mean that the State had violated the constitution by indicting the defendant, nor am I persuaded that the able trial judge acquiesced in any such assertion. I interpret the statement to mean that defendant's constitutional rights were violated, not because he was indicted, but because he was not granted a prompt preliminary hearing.

In my opinion the second paragraph of section 7 of article I of the constitution is a simple provision, and was included for the sole purpose of guaranteeing that a defendant would not be held in custody or on bail without a prompt showing of probable cause. In this case the requisite probable cause was shown by the prompt indictment of the defendant and I agree that the trial court erred in its judgment.

MR. JUSTICE WARD, dissenting:

As I read it, the majority opinion leaves meaningless the constitution's provision for a "prompt preliminary hearing to establish probable cause."

I consider that the intendment underlying the second paragraph of section 7 of article I was to provide a person accused of crime, but without his having been indicted, with a right to a prompt preliminary hearing to determine whether probable cause exists to hold him to await the action of the grand jury. Provision for this hearing would, among other purposes, serve to avoid having an accused held in custody or, less grievously, under bond without a judicial hearing, for an indefinite time, only to have a grand jury later conclude that there was not adequate evidence to indict. Assuring this prompt hearing would be of particular importance in counties where grand juries are only intermittently in session and where weeks may elapse before the evidence against an accused is presented to the

grand jury for its decision as to whether it is sufficient for an indictment.

It is clear to me from the language of the paragraph that if the "initial charge" against an accused has not been brought by indictment, that "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless *** the person has been given a prompt preliminary hearing to establish probable cause."

That this was intended by the paragraph is confirmed by materials of the constitutional convention. The constitutional commentary to section 7 of article I (Helman and Whalen, Constitutional Commentary, S.H.A. Const. of 1970, art. I, sec. 7, p. 372) says, in part: "In cases where the prosecutor obtains a grand jury indictment prior to the defendant being taken into custody, there is no constitutional requirement for a preliminary hearing because the issue of probable cause will have been determined by the grand jury in deciding to indict. These cases are probably the exception. Usually, the 'initial charge' is made by an arresting officer rather than a grand jury. In such cases the person would be entitled to a 'prompt preliminary hearing' unless it is understandingly waived."

Too, as originally reported to the convention by the Bill of Rights Committee as proposal 23, the preliminary hearing provision read: "No person shall be held to answer for a crime punishable by death or imprisonment in the penitentiary without a prompt preliminary hearing to establish probable cause." (6 Record of Proceedings, Sixth Illinois Constitutional Convention, Bill of Rights Committee Report, 76-77 [hereinafter cited as Proceedings].) In the report attached to the proposal, the Bill of Rights Committee described what would be the effect of the proposal: "In a great majority of instances involving prosecution by indictment, the preliminary hearing will precede action by the grand jury. In those comparatively infrequent instances where a grand jury has indicted a

defendant before he is arrested, this new provision will require that a preliminary hearing be held after the indictment has been returned. \*\*\* If the judge finds an absence of probable cause, then he should quash the indictment and discharge the defendant. \*\*\* While it may seem anomalous to have a judge examining probable cause after the grand jury has indicted, this procedure is required to prevent prosecution without a public showing of probable cause.''

The proposal, with its design for a preliminary hearing after indictment and possible judicial invalidation of the grand jury's action, was not acceptable to the convention, and it was amended to read substantially as it now appears in the second paragraph of section 7 of article I. The amendment was offered by Delegate John Parkhurst and it read: ''Proposal to amend section 23 by adding the following words, 'unless the initial charge has been brought by an indictment of a grand jury' before the words 'No person [shall be held to answer for a crime punishable by death or imprisonment in the penitentiary without a prompt preliminary hearing to establish probable cause].'' (3 Proceedings 1467.) Prior to the taking of the vote on the Parkhurst amendment, Delegate William Jaskula proposed a change to the amendment which would have substituted ''unless a true bill has been voted by the grand jury'' for ''unless the initial charge has been brought by \*\*\* a grand jury.'' (3 Proceedings 1469.) Opposing the proposed change, Delegate Bernard Weisberg observed: ''That would mean that a preliminary hearing right could be easily defeated whenever a prosecutor chose to do so by simply postponing a preliminary hearing until he obtains a grand jury indictment, and then points to the section and says there is no right to preliminary hearing in view of the 'unless' clause.'' (3 Proceedings 1469.) Delegate Parkhurst agreed with Weisberg and proposal 23, as amended by Parkhurst, was thereafter adopted by the convention.

The Committee on Style, Drafting and Submission

then gave the paragraph its final form. The revision, with deletions and additions indicated, appears in 7 Proceedings 2514:

> "~~Unless the initial charge has been brought by indictment of a grand jury,~~ No person shall be held to answer for a crime punishable by death or <u>by</u> imprisonment in the penitentiary ~~without~~ <u>unless either the initial charge has been brought by indictment of a grand jury or the person has been given</u>[1] a prompt preliminary hearing to establish probable cause."

Footnote 1 to the Committee's report (7 Proceedings 2600) observes:

> "This change makes it clear that a person must either be charged initially by grand jury indictment or given a prompt preliminary hearing before being held to answer for a crime punishable by death or by imprisonment in the penitentiary. (Article I, Section 7.)"

The majority says: "Nor would an interpretation [of the second paragraph of section 7] make sense which required the dismissal of the present indictment and the discharge of the defendant, to be followed by his reindictment and rearrest upon a new indictment." But I would observe that such an interpretation would establish that an accused has the right to a preliminary hearing when the prosecution is initiated other than by indictment and it would insure the future recognition of that right.