THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY SAVAGE, Defendant-Appellant.

(No. 11875; ▮▮▮▮▮▮▮▮▮▮▮

Fourth District—July 5, 1973.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Paul Bradley, of Defender Project, of Chicago, for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac, (John A. Beyer, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal from the Circuit Court of Livingston County. On February 4, 1971, defendant-appellant Larry Savage was sentenced for the crime of robbery, to a term of 3 to 8 years in the penitentiary. This sentence was imposed in the Circuit Court of Sangamon County. On October 2, 1971, defendant was serving that sentence in the Pontiac Branch of the Illinois State Department of Corrections at Pontiac, Illinois.

On October 11, 1971, the State's Attorney of Livingston County filed an information charging defendant with the offense of aggravated battery arising from a melee within the prison on October 2, 1971, during the course of which defendant allegedly struck one Andrew Ekel, a correctional officer in the prison. After a bench trial, during which defendant offered no evidence, he was found guilty and sentenced to 9 months at the Illinois State Penal Farm at Vandalia, which sentence was ordered

to run consecutively to the sentence above referred to as being imposed in the Circuit Court of Sangamon County. This appeal ensued.

■■ Defendant first argues that the evidence fails to establish his guilt beyond a reasonable doubt. We see no reason to recite the evidence in detail. The victim Ekel and another guard, LeRoy Hornstein, both testified that Savage struck Ekel with a broom or mop handle. There were minor variations in the testimony, but as to the essential element of defendant striking Ekel they were in agreement. The trial judge heard the testimony, the issue of credibility is for him, not us, to determine. The testimony of a single eye witness is sufficient to establish guilt beyond a reasonable doubt when the identification by the witness is clear and convincing. (*People v. DeArmond*, 5 Ill.App.3d 831, 284 N.E.2d 474.) Here the testimony as to the commission of the offense was positive, direct and given by two witnesses whose testimony was not impeached. We therefore find the argument unpersuasive.

■■■ Defendant was convicted of a violation of Ill. Rev. Stat. 1969, ch. 38, sec. 12—4(b)(6), which provides that one is guilty of aggravated battery who in committing a battery knows the person harmed to be a correctional officer engaged in the execution of any of his official duties. Defendant's contention is that the evidence failed to show that officer Ekel was in the exercise of his official duties when struck and that the State failed, therefore, to establish an essential element of the offense. We disagree. Ekel testified that he was in the prison, in uniform, at the time the riot commenced. His regular shift had terminated some 30 minutes earlier. He was asked why he was still present at the prison after his shift had concluded and responded:

> "I was unit moderator for unit 18, which is a small group of detail and tower men, and I was the moderator, we were having a meeting in the captain's office."

He also testified that this was a normal weekly meeting for which he was compensated in that he was given time off from his regular work schedule for attending the meetings. This evidence clearly supports the finding of the trial judge that Ekel was in the performance of his official duties at the time of the offense.

Defendant's final allegation of error is "Whether the failure of the prosecution to afford the defendant a prompt preliminary hearing as required by Article I, Section 7 of the Constitution of the State of Illinois rendered the indictment void?". As previously noted the initial charge was by an information filed October 11, 1971. The record shows that defendant was brought before the court on October 14, 1971, given a copy of the information, the charge explained to him. Defendant refused appointment of counsel, defendant saying that he could retain counsel

if he could make a phone call. The court directed that defendant be afforded that opportunity and continued the case at defendant's request, to October 21, 1971. On October 21st, the State's Attorney appeared in open court, the defendant not being present, and advised the court that he had been contacted by Attorney Richard Seltzer, of the firm of Isham, Lincoln and Beale who were trying to secure counsel for the defendant but that counsel would not be available today. The court then continued the case until November 9, 1971. On November 5, 1971, the grand jury returned the indictment upon which defendant was subsequently convicted and it was predicated upon the same charge contained in the information. On November 17, 1971, the defendant again appeared in open court, without counsel, and was handed a copy of the indictment. The defendant again insisted that he wanted to secure his own counsel and the court continued the case to the 16th of December. On December 16, 1971, the defendant again appeared without counsel, said that he had not yet retained counsel and again refused appointment of counsel. The court then continued the case until January 5, 1972, at which time the defendant again appeared without counsel. He advised the court that he had retained one Jeffrey Haas but that he had failed to appear. The court requested that defendant request counsel to write to the court and advise it officially of the representation. The court then continued the case to January 17, 1972, at which time the defendant again appeared without counsel. The court then stated that he was going to appoint the public defender. The defendant again refused. The court then stated that he was going to appoint counsel despite defendant's objections since the time for trial was approaching, but that if defendant secured counsel that was a choice the defendant could pursue. Finally, on January 31, 1972, counsel appeared for defendant and represented him through the remainder of the proceedings. At this time counsel requested a preliminary hearing; the request was granted and the preliminary hearing was subsequently held on March 2, 1972. On the same day the counsel filed a motion to dismiss the indictment because the defendant had not been given a prompt preliminary hearing as required by article I, section 7, of the Constitution of 1970.

■■ After an appraisal of this record and of all the relevant facts and circumstances, it does not appear that there was any violation of the defendant's constitutional right to a prompt determination of probable cause. See *People v. Kent*, 54 Ill.2d 161, 295 N.E.2d 710; *People v. Hendrix*, 54 Ill.2d 165, 295, N.E.2d 724.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

SMITH, P. J., and TRAPP, J., concur.