THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY HOWELL, Defendant-Appellant.

(No. 72-205;

Fifth District—February 6, 1974.

Robert E. Farrell, Deputy Defender, of Mt. Vernon (Richard E. Cunningham, Assistant Appellate Defender, and William J. Becker and Stephen Jigger, Senior Law Students, of counsel), for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant was charged with attempted armed robbery and attempted murder. After the charge of armed robbery was dismissed, the jury returned a verdict of guilty of attempted murder, and defendant was sentenced to a term of not less than eight years nor more than twenty years

in the Illinois State Penitentiary System. On this appeal defendant makes four assignments of error.

On the night of August 26, 1971, two male Negroes entered a tavern in East St. Louis, Illinois. There were five people in the tavern, two of whom testified that while one man remained near the door, the defendant held a pistol on the owner-bartender but did not ask for money. The owner had alerted his sister and a co-manager of the tavern, both of whom were in residence adjoining and connected with the tavern. The co-manager, Allison Korkegian, entered the tavern through a passageway between the two buildings, carrying a shotgun. Three witnesses testified that the defendant fired two shots at her and she fired three shots in return, and the two men ran out of the building.

■■ Defendant first contends that his conviction is invalid because he was not given a prompt preliminary hearing to establish probable cause. Despite the fact that this objection was not raised in the trial court, we will consider this argument because if defendant's contention is correct, this is plain error affecting substantial rights which we may review under Supreme Court Rule 615(a). (Ill. Rev. Stat. 1971, ch. 110A, par. 615(a).) The record shows that defendant was arrested without a warrant on September 13, 1971, and incarcerated in the St. Clair County Jail. No preliminary hearing was held, and defendant was not indicted until November 17, 1971, 65 days after his arrest.

■■ The second paragraph of article I, section 7 of the Illinois Constitution of 1970 provides:

"No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

The commentary to section 7 (Helman and Whalen, Constitutional Commentary, S.H.A. Const. of 1970, art. I, sec. 7, pp. 372-373) states in part:

"The second paragraph of Section 7 guarantees persons the right to a prompt preliminary hearing to establish probable cause for a crime punishable by death or by imprisonment in the penitentiary unless the initial charge has been brought by a grand jury indictment. This right is new in the 1970 Constitution. According to the Bill of Rights Committee Report, which proposed the language adopted in substantial part by the Convention, the provision seeks 'to assure that no person will be held to answer for serious crimes without prompt conformity with these important rights, unless they are understandingly waived'. * * * The right guarantees

that unless an initial charge is brought by grand jury indictment there will be a prompt judicial determination of the issue of probable cause.

\* \* \*

In cases where the prosecutor obtains a grand jury indictment prior to the defendant being taken into custody, there is no constitutional requirement for a preliminary hearing because the issue of probable cause will have been determined by the grand jury in deciding to indict. These cases are probably the exception. Usually, the 'initial charge' is made by an arresting officer rather than a grand jury. In such cases the person would be entitled to a 'prompt preliminary hearing' unless it is understandingly waived."

Footnote 1 to the Bill of Rights Committee Report (7 Record of Proceedings, Sixth Illinois Constitutional Convention, Bill of Rights Committee Report, p. 2600) observes:

"This change makes it clear that a person must either be charged initially by grand jury indictment or given a prompt preliminary hearing before being held to answer for a crime punishable by death or by imprisonment in the penitentiary."

Article I, section 7 was construed in *People v. Kent* (1972), 54 Ill.2d 161, at 163, 295 N.E.2d 710, at 711, as follows:

"The constitutional reference to a right to a preliminary hearing is new. As we read the provision before us, it appears to be designed to insure that the existence of probable cause will be determined promptly either by a grand jury or by a judge."

■■ Here the "initial charge" was brought by the arresting officer, defendant was not given a preliminary hearing, and even the indictment was not "prompt", as defendant was not indicted until 65 days after his arrest. We hold that this violated the defendant's constitutional right to a prompt preliminary hearing.

■■ We must therefore determine what action is appropriate to remedy this violation of defendant's constitutional right. In view of the fact that this violation cannot now be corrected, defendant urges this court to reverse his conviction without remandment. However, the Illinois Supreme Court has addressed itself to the issue of violations of this provision in *People v. Hendrix* (1972), 54 Ill.2d 165, 169, 295 N.E.2d 724, 727, as follows:

"The second paragraph of section 7 does not provide a grant of immunity from prosecution as a sanction for its violation. Nor would an interpretation make sense which required the dismissal of the present indictment and the discharge of the defendant, to

be followed by his reindictment and rearrest upon a new indictment."

Under the rationale of *Hendrix* we are obliged to hold that this error does not invalidate the conviction.

■■ Defendant next contends that the state failed to prove the defendant guilty beyond a reasonable doubt. The conviction of the defendant was based mainly on the identification testimony of the state's three witnesses, and defendant urges that the identification was highly uncertain and insufficient to prove beyond a reasonable doubt that defendant was the perpetrator of the alleged crime. Reviewing the record, we find that two of the witnesses were positive in their identification of the defendant. The positive identification by one credible witness is sufficient to uphold a conviction. (*People v. Cook* (1st Dist. 1969), 113 Ill.App.2d 231, 252 N.E.2d 29.) We conclude that the identification was sufficient to prove defendant guilty beyond a reasonable doubt.

■■ Defendant also contends that the court erred in denying his motion for a substitution of judges pursuant to Ill. Rev. Stat. 1971, ch. 38, par. 114—5(a). Defendant's motion was not in writing and not made within ten days after the case had been placed on the trial call of Judge Farmer, but these technical defects may be overlooked under the liberal construction of the statute called for by *People v. Kostos* (1961), 21 Ill.2d 451, 173 N.E.2d 469. However, the motion was not made until after the judge had ruled on substantive issues in the case, including the denial of a motion to dismiss the indictment on the basis of an improper arrest and the denial of a motion to suppress identification. Under *People v. Wilfong* (1959), 17 Ill.2d 373, 162 N.E.2d 256; *People v. Arnold* (1966), 76 Ill.App.2d 269, 222 N.E.2d 160, and *People v. Bills* (1967), 84 Ill. App.2d 329, 228 N.E.2d 576, the motion for substitution of judges is too late after the trial judge has ruled on substantive issues. We find no error in the denial of defendant's motion for substitution of judges.

■■ Defendant's final contention is that the sentence imposed was excessive. Defendant was denied probation and was sentenced to a term of eight to twenty years. In our opinion, the imposition of so long a minimum sentence practically eliminates all hope of defendant's rehabilitation. The purposes sought to be achieved by the imposition of sentence are adequate punishment for the offense committed, the safeguarding of society from further offenses, and the rehabilitation of the offender into a useful member of society. (*People v. Brown* (1965), 60 Ill.App.2d 447, 208 N.E.2d 629; *People v. Evrard* (1965), 55 Ill.App.2d 270, 204 N.E.2d 777; *People v. Moore* (1971), 133 Ill.App.2d 827, 272 N.E.2d 270.) Concerning rehabilitation, this court stated in *People v. Lillie* (1967), 79 Ill.App.2d 174, 179, 223 N.E.2d 716, 719:

"Advances in the fields of psychology, psychiatry and sociology have contributed to a greater understanding of the motives underlying the commission of criminal offenses, and the techniques and methods which are of value in the rehabilitation of offenders. The hope of earlier release is a great incentive to a prisoner to participate in the educational and rehabilitation programs provided in modern penal institutions. Excessive minimum sentences, imposed by the courts, may defeat the effectiveness of the parole system by making mandatory the incarceration of a prisoner long after effective rehabilitation has been accomplished."

We conclude that this is an appropriate case to exercise our power to reduce sentences. The defendant was a young man of twenty years of age at the time of sentencing. He had had limited job opportunities, an unstable family life, and only an eighth-grade education. A treatment specialist for the Regional Adult Correctional Services testified that defendant had been an industrious student in a remedial education program, with rapid advancement on standard achievement tests, and was ready to take the G.E.D. test for a high school equivalency diploma. He further testified that in his opinion the defendant could be rehabilitated into a useful citizen, and that his program had found employment for about 75% of those released from the program, indicating good employment prospects for defendant.

Defendant has a juvenile record, but while in the juvenile system he received a certificate for completing a course in drafting, and after leaving the juvenile system went to the Gateway House, a rehabilitation center. This is his first felony conviction. All the testimony introduced at the hearing in aggravation and mitigation indicates that defendant has reached a turning point in his life and is now equipped with a skill which could lead to job opportunities. Many of his problems may have stemmed from an unstable family life and limited job opportunities. We feel that under these circumstances, the purpose of sentencing will best be served by our reducing the sentence to a term of not less than four nor more than twelve years.

For the reasons set forth above, the judgment of the Circuit Court of St. Clair County is affirmed, the sentence is modified to provide that defendant be confined in the penitentiary for a term of not less than four nor more than twelve years.

Judgment affirmed; sentence modified.

EBERSPACHER and CREBS, JJ., concur.