Daniel K. Russell, of Johnson, Martin & Russell, of Princeton, for appellee.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT LEE WILLIAMS, Defendant-Appellant.

(No. 72-340;

Second District—May 3, 1974.

Anthony Peccarelli, of Wheaton, and Barclay, Damisch & Sinson, of Chicago, for appellant.

William V. Hopf, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

After a hearing on a post-conviction petition, defendant was denied relief. He appeals contending that failure to afford him a preliminary hearing at his original trial deprived him of a substantial constitutional right.

Defendant was arrested on August 23, 1971. Complaints charged him with burglary and possession of a stolen motor vehicle. Bail was set the following day but, unable to post bond, he was incarcerated and a public defender appointed to represent him. The date for preliminary hearing was continued until September 8, 1971.

There is no record of defendant or his counsel being present on September 8; but when defendant's case was called, the assistant State's Attorney remarked, "That is the one that you continued for Mr. Zamis," and the court responded, "Yes. September 15th." Thereupon the hearing was continued until September 15, 1971. On September 9, 1971, defendant was indicted (based upon the same acts as those charged in the complaints) for burglary and two counts of theft.

Proceedings under the complaints and indictment were continued at various times and, on September 20, 1971, the defendant was arraigned and pled not guilty to the charges brought by indictment. Charges brought by complaints were dismissed on September 22, 1971. On November 1, 1971, defendant pled guilty to that count of the indictment which charged him with burglary and the State dismissed the two counts charging theft. Sentenced to a term of 18 months to 4 years, defendant was paroled on April 12, 1973. No issue is raised concerning the court's admonishments under Rule 402 prior to the acceptance of defendant's plea of guilty.

The portion of article I, section 7 of the 1970 Illinois Constitution, relevant here, states:

> "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

It is defendant's position that when a person is initially charged with a felony by way of complaint, due process, under the quoted constitutional provision, requires that, unless expressly waived, a judicial determination of probable cause must be made prior to a finding of probable cause by a

138

grand jury; that unless this procedure is followed, defendant's constitutional right to a preliminary hearing will not be given effect.

■■ The manner of establishing probable cause can be by a grand jury or by a preliminary hearing. The essential consideration is that probable cause be determined promptly by either method. In *People v. Hendrix*, 54 Ill.2d 165 (1973), a complaint initially charged the defendant with a felony; he was indicted 12 or 13 days later without a preliminary hearing. There, at page 169, the court held:

"What is a prompt preliminary hearing must, of course, depend upon an appraisal of all of the relevant circumstances, and in this case it does not appear that there was any violation of the defendant's constitutional right to a prompt preliminary hearing."

■■ In the present case, defendant's preliminary hearing was scheduled for September 8, 1971, at which time the hearing was continued at the request of defendant's counsel. The following day (within 17 days of his arrest) defendant was indicted. Under these circumstances, we find that defendant was given a prompt determination of probable cause and was not, therefore, deprived of a substantial constitutional right.

For the reasons stated, the judgment is affirmed.

Judgment affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.