THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHESTER PAUL GOODING, Defendant-Appellant.

(No. 12361;

Fourth District—September 5, 1974.

John F. McNichols and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was indicted for and in a jury trial convicted of rape. Judgment was entered on the verdict and defendant was sentenced to an indeterminate term of 6 to 20 years. Defendant appeals.

Defendant urges six issues for review. One of these issues is dispositive and therefore we will not address the remaining issues. Defendant submits that he was entitled to be discharged for he was not tried within 120 days from the date he was incarcerated on the charge of rape. We agree.

On September 27, 1972, a warrant was issued for defendant's arrest charging him with the rape of Elaine Young, which occurred on September 21, 1972. The next day defendant was apprehended and brought before the Honorable Gordon D. Seator. At that time he was admonished of his rights and counsel was appointed to represent him. Defendant's preliminary hearing was set for October 18, 1972. This hearing was continued by agreement of counsel until October 25, 1972. On the date the hearing was set defendant requested that the preliminary hearing be postponed until November 3, 1972. The hearing was held on November

3. At the hearing probable cause was established and defendant was bound over to the grand jury. Defendant was in custody during this time with bond set in the amount of $10,000.

Defendant filed an oral motion for reduction of bond on November 21, 1972. This motion was denied and defendant remained in the custody of the sheriff until January 22, 1973. At that time the sheriff released the defendant from the county jail without defendant posting the required bond. He had been incarcerated for 118 days.

An indictment was returned on February 13, 1973, charging the defendant with the offense of rape. Defendant was arraigned on the indictment on February 20, 1973. At the arraignment defendant entered a plea of not guilty and demanded a jury trial. Defendant subsequently filed a written motion to dismiss for want of a speedy trial. The motion reiterated the above-mentioned facts. It also specifically alleged that the defendant was released from custody by the sheriff of Morgan County without authority and without defendant posting the required bond; and that the release was solely calculated to prevent defendant's discharge due to the failure of the people to try him within 120 days from his initial incarceration as mandated by section 103—5 of the Criminal Code of Procedure (Ill. Rev. Stat. 1971, ch. 38, ¶ 103—5). The trial court denied defendant's motion after a hearing thereon. Defendant's trial began on April 24, 1973.

Section 103—5 states:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal."

The section states further that:

"(d) Every person not tried in accordance with subsections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."

■■ It is axiomatic that the 120-day rule enunciated in section 103—5 is a means of securing the defendant's individual civil liberties and results in compelling the State to expeditiously dispose of criminal litigation. The supreme court has held time and again that technical evasions of this rule by the State will not be tolerated. (*People v. Spicuzza*, 57 Ill.

2d 152, 311 N.E.2d 112.) This section clearly places the burden on the prosecutor to seek a speedy disposition of all charges pending against defendant who is in custody. When a defendant requests or agrees to a continuance which causes or contributes to a delay in bringing defendant to trial, he, and not the prosecutor, is held accountable for this delay. *People v. Nunnery,* 54 Ill.2d 372, 297 N.E.2d 129.

The State submits that defendant is not entitled to be discharged under the 120-day rule since he was not in custody for 120 days without being tried. The State points out that defendant was released 118 days from his initial incarceration by the sheriff of Morgan County; thus, defendant cannot invoke the sanctions of the 120-day rule. The State claims that the purpose of the 120-day rule is to protect defendants against a situation wherein they could be kept in jail indefinitely without an adjudication of guilt or innocence.

The release of defendant by the sheriff on the 118th day was unauthorized by the court. It is clear that this release was an effort by the authorities to circumvent the prophylactic effect of the 120-day rule. This attempt to evade the technical effects of the rule cannot be countenanced.

■■ The release of any defendant must be accomplished in an orderly and legitimate manner. It is an absurd argument that a defendant can be incarcerated for a period of time only to be released upon the caprice of the sheriff or the State's attorney in order to avoid the 120-day rule. To sanction such conduct would amount in rendering section 103—5 meaningless.

The record reveals that from the date of defendant's incarceration until the date of his trial, there were three continuances made by the respective parties: On October 18, 1972, by agreement of counsel, the preliminary hearing was continued; on October 25, 1972, an oral motion by defendant for continuance of the preliminary hearing was again made; on February 16, 1973, defendant filed a motion for continuance of the arraignment on the indictment, which had been handed down on February 13, 1973. Defendant argues that since the October 18 and 25 continuances occurred before he was indicted, they do not qualify as delays attributable to him which would result in the 120-day period beginning anew. He urges that he cannot be charged with a delay of his trial when the State had not taken the initial step in the prosecution process, *i.e.,* an indictment. This argument implies that a defendant cannot be charged with any delay prior to indictment. We can only accept a portion of defendant's contentions.

■■ We agree with defendant that the two continuances filed in Octo-

ber 1972 do not amount to a delay attributable to him, because postponing the preliminary hearing did not hinder nor delay the eventual trial of defendant.

■■ In *People v. Hendrix*, 54 Ill.2d 165, 295 N.E.2d 724, the court found that, notwithstanding the fact that a preliminary hearing has a constitutional character (Ill. Const. (1970), art. I, § 7), it is not an absolute prerequisite to criminal prosecution. An indictment is. In that case the court held when a defendant is properly indicted the necessity for a preliminary hearing to establish probable cause is vitiated. The court cited section 111—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, ¶ 111—2), which provides that all prosecutions of felonies shall be by indictment. It found that without an indictment a defendant could not be brought to trial on a criminal charge; and that it is not necessary for an indictment to be preceded by a preliminary hearing in all cases. As a general proposition, findings at the preliminary hearing are not binding on the prosecutor. Even if probable cause is not established at the hearing, the prosecutor can still seek an indictment against a defendant.

In this case as in *Hendrix*, the defendant could not be brought to trial without first being indicted on the charge. Therefore, his request for a continuance of his preliminary hearing did not delay the prosecutor in bringing him to trial. Of course, any delay which is attributable to defendant that affects the ability of the prosecutor to bring defendant to trial will toll the statute. This is true even if defendant had not yet been indicted. For the purpose of the 120-day rule the critical date is when defendant is incarcerated, on the charges, not the date of indictment.

■■ Defendant was incarcerated on September 28, 1972. He was effectively in continuous custody, uninterrupted by delay attributable to him, until February 16, 1973, notwithstanding the fact that he had been released by the sheriff on January 22, 1973. Such release could not alter his then status. On February 16 defendant sought and obtained a continuance in the arraignment on the indictment. This continuance was a delay attributable to defendant. However, well over 120 days had elapsed since his initial incarceration and he should have been discharged pursuant to his motion.

In *Baker v. Wingo*, 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182, the United States Supreme Court held that a claim a defendant has been denied his right to a speedy trial is subject to a balancing test in which both the conduct of the prosecutor and the defendant are weighed. The court made that statement in conjunction with the fact that the defendant has no duty to bring himself to trial for the State has that duty as well as the duty of insuring that a trial is consistent with due process. It is

clear from the aforementioned facts that defendant was denied a speedy trial under both the Illinois statute and the United States Constitution. The judgment of the circuit court is therefore reversed.

Judgment reversed. Defendant discharged.

SMITH, P. J., and SIMKINS, J., concur.