THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* EARL R. MOORE, Defendant-Appellee.

(No. 74-151;

Fifth District—May 28, 1975.

Robert H. Howerton, State's Attorney, of Marion, for the People.

Gerald J. McGivern, of Wiseman, Shaikewitz, McGivern & Wahl, of Alton, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The circuit court of Williamson County dismissed the indictment pending against the defendant-appellee, Earl R. Moore, on the grounds that he had been deprived of his right to a prompt preliminary hearing under section 7 of article I of the Illinois Constitution of 1970 (Ill. Const. art. I, § 7). The State appeals pursuant to Supreme Court Rule 604(a)(1). (Ill. Rev. Stat. 1973, ch. 110A, § 604(a)(1).) The sole issue presented for review is whether the trial court erred in dismissing the indictment.

On March 26, 1974, the State filed an information against the defendant-appellee, charging him with unlawful possession of cannabis. On March 27, 1974, the defendant appeared in open court and requested a preliminary hearing. To allow the defendant to retain counsel the court set April 10, 1974, as the date for this hearing. On April 4, 1974, notice was mailed to the defendant advising him that the preliminary hearing had been reset for April 23, 1974. On April 18, 1974, the defendant's counsel filed a notice to produce witnesses. On the same day the grand jury indicted the defendant, charging him with the identical offense alleged in the information. At the preliminary hearing on April 23, 1974, the State advised the court that because of the intervening indictment, it would not present evidence to establish probable cause. Upon the defendant's motion, the court dismissed the indictment.

The State contends that the trial court erred in dismissing the indictment pending against the defendant for failure of the State to give the defendant a prompt preliminary hearing to establish probable cause.

Since there was no constitutionally cognizable right to a preliminary hearing prior to the effective date of section 7 of article I of the 1970

Constitution (*People v. Camel*, 59 Ill.2d 422, 322 N.E.2d 36; *People v. Hood*, 59 Ill.2d 315, 319 N.E.2d 802; *People v. Petruso*, 35 Ill.2d 578, 221 N.E.2d 276), it must be determined whether section 7 of article I of the 1970 Constitution requires that a preliminary hearing be conducted after an indictment has been returned by a grand jury. Article I, section 7, of the 1970 Constitution provided in pertinent part as follows:

"No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause." Ill. Const. art. I, § 7.

The supreme court analysed this provision in *People v. Kent*, 54 Ill.2d 161, 163, 295 N.E.2d 710, 711, wherein it stated,

"The constitutional reference to a right to a preliminary hearing is new. As we read the provision before us it appears to be designed to insure that the existence of probable cause will be determined promptly either by a grand jury or by a judge."

We quoted the foregoing language in *People v. Howell*, 16 Ill.App.3d 989, 307 N.E.2d 172, 174, *aff'd*, 60 Ill.2d 117, 324 N.E.2d 403. In *Howell* we found a violation of the defendant's right to a prompt determination of probable cause on the grounds that no preliminary hearing was conducted *and* the defendant was not indicted until 65 days after his arrest. Nevertheless, relying upon the supreme court's language in *People v. Hendrix*, 54 Ill.2d 165, 295 N.E.2d 724, we did not invalidate the defendant's conviction.

In *People v. Hendrix*, the defendant filed a motion to dismiss the indictment returned against him by the grand jury on the ground that he had been originally charged by a criminal complaint, rather than by indictment, and that no preliminary hearing had been held. The trial court granted the motion to dismiss and, in its amended order, declared that that portion of the Criminal Code of Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 111—2(a)) which provides "If the defendant is charged with the commission of a felony * * * a preliminary hearing * * * shall be conducted * * * unless a Bill of Indictment upon the same felony charge is returned in open court prior to such hearing * * *" had been rendered unconstitutional by section 7 of article I of the Illinois Constitution of 1970. An appeal was taken directly to the supreme court pursuant to Supreme Court Rule 603 (Ill. Rev. Stat. 1971, ch. 110A, par. 603). The supreme court reversed, stating:

"If the defendant was to be prosecuted for the offense, he had to be indicted. Without an indictment he could never have been 'held to answer,' or brought to trial, and the assertion of the public de-

fender, acquiesced in by the trial judge, that the State violated the constitution by indicting the defendant, is patently unsound." 54 Ill.2d 165, 169, 295 N.E.2d 724, 726.

The Fourth District Appellate Court interpreted the *Hendrix* decision in the following manner:

"* * * the court found that, notwithstanding the fact that a preliminary hearing has a constitutional character (Ill. Const. (1970), art. I, § 7), it is not an absolute prerequisite to criminal prosecution. An indictment is. In that case [*Hendrix*] the court held when a defendant is properly indicted the necessity for a preliminary hearing to establish probable cause is vitiated." *People v. Gooding*, 21 Ill.App.3d 1064, 1068, 316 N.E.2d 549, 551.

A like result was reached by the Second District Appellate Court in *People v. Williams*, 19 Ill.App.3d 136, 138, 310 N.E.2d 666, 667, wherein the court stated:

"The manner of establishing probable cause can be by a grand jury or by a preliminary hearing. The essential consideration is that probable cause be determined promptly by either method."

See *People v. Brown* (2nd Dist. 1973), 11 Ill.App.3d 67, 296 N.E.2d 77. See also *People v. Williams* (1st Dist. 1974), 20 Ill.App.3d 840, 314 N.E.2d 276 (abstract opinion).

In the instant case the defendant had to be indicted before he could be tried. (See Ill. Rev. Stat. 1973, ch. 38, par. 111—2(a).) An indictment was returned by the grand jury one week prior to the rescheduled preliminary hearing. No argument is advanced by defendant that the rescheduled preliminary hearing was improperly delayed or otherwise untimely. In fact, the defendant acquiesced to the rescheduled setting. Under these circumstances the post-indictment preliminary hearing would have been an empty formality.

As stated by the court in *People v. Gooding*, 21 Ill.App.3d 1064, 1068, 316 N.E.2d 549, 550:

"As a general proposition, findings at the preliminary hearing are not binding on the prosecutor. Even if probable cause is not established at the hearing, the prosecutor can still seek an indictment against the defendant."

A more emphatic view was espoused by the supreme court in *People v. Kent*, 54 Ill.2d 161, 163-64, 295 N.E.2d 710, 712, wherein it stated:

"In our opinion the language of the constitutional provision, as well as the history of its evolution, negates any thought that its purpose was to attach finality to a finding of no probable cause, or to establish mutually exclusive procedures so that grand jury pro-

ceedings would be barred if an accused had been discharged upon preliminary hearing."

The court concluded by stating:

"We know of no Illinois authority, however, which holds that an order releasing an accused for want of probable cause is appealable, or that it is in any way conclusive upon the prosecution." (54 Ill.2d 161, 164, 295 N.E.2d 710, 712.)

Conversely, if a grand jury makes a determination of probable cause and returns an indictment, their determination of probable cause is final and is not subject to direct attack in a subsequently held proceeding unless all the witnesses or all the testimony upon which it was founded is incompetent. (See *People v. Hopkins*, 53 Ill.2d 452, 292 N.E.2d 418; *People v. Jones*, 19 Ill.2d 37, 166 N.E.2d 1.) Since the sole purpose of a preliminary hearing is to determine probable cause, which has already been determined, a post-indictment preliminary hearing would be an empty formality serving no legitimate purpose.

■■ Consequently, we are of the opinion that the quoted portion of section 7 of article I of the 1970 Constitution (Ill. Const. art. I, § 7), was included for the sole purpose of guaranteeing that a defendant would not be held in custody or on bail without a prompt showing of probable cause. In the instant case the requisite probable cause was shown by prompt indictment. Since, by indictment the constitutional requirements set forth in section 7 of article I of the 1970 Constitution were satisfied, we find that the circuit court of Williamson County erred in ordering the dismissal of the indictment which had been returned against the defendant-appellee. We, therefore, reverse such order and remand this cause for further proceedings.

Reversed and remanded.

KARNS and G. MORAN, JJ., concur.