THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID SANDERS, Defendant-Appellant.

Fifth District No. 75-23

Opinion filed March 4, 1976.

Stephen P. Hurley and Michael J. Rosborough, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John C. Reznick, State's Attorney, of Vandalia (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant, David Sanders, was tried and convicted by a jury of the offense of escape. On appeal he raises issues which make it necessary to review in some detail the course of the proceedings.

On June 20, 1974, a complaint was filed alleging that the defendant had escaped from the Vandalia Correctional Center on June 14, 1974. At a hearing held on June 24, 1974, the defendant was appointed counsel, although counsel did not appear at that same hearing, and the defendant was given a copy of the complaint. On September 27, 1974, a three-count bill of indictment was returned by a grand jury. Each count alleged a violation of section 3—6—4 of the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, §1003—6—4(a)), charging the defendant with the same escape, but alleging that escape in a slightly different fashion in each count.

On October 4, 1974, defendant appeared for arraignment, accompanied by his attorney, the public defender, and entered a plea of not guilty. The court concluded the hearing by announcing that the cause would be set for a jury trial on October 9, 1974.

On that date, after the impaneling of a jury, but prior to the reception of any evidence, the trial court heard certain defense motions in chambers. Counsel moved to dismiss the case on the ground that his client had not been granted a prompt preliminary hearing and further asserted that he had never received a copy of the indictment. The motion was denied. Defense counsel then asked to see the witnesses listed on the indictment and objected to any witness being allowed to testify

whose name was not endorsed on the indictment. The State's Attorney indicated that there were no witnesses listed on the indictment but that subpoenas for the two witnesses he intended to call had been in the file for some time. Defendant's motion to exclude witnesses was also denied.

The trial was then resumed. Testifying on behalf of the State, Darrold Rhodes, the Supervisor of Records for Vandalia Correctional Center, indicated that the defendant was received at Vandalia January 10, 1974. He stated that the records showed that the defendant left the facility June 14, 1974, and that there was no indication that the defendant had received permission to leave.

Leo Meyer, Superintendent of the Vandalia Correctional Center, testified that he had received notice on June 14, 1974, that the defendant had left the facility. He indicated that the defendant had been playing at baseball practice and that he (the Superintendent) had received word about 5 p.m. that the defendant was gone from the center. Superintendent Meyer further testified that the defendant had no authority to leave. The Superintendent and another prison official left for Chicago on Route 57 to search for defendant. On the Dan Ryan Expressway at 127th Street in Chicago they observed the car they were looking for. They saw the defendant a little after 12 midnight in the company of police officers and took him into custody at that time.

J. Patton Dellow testified for the State that he was a correctional counselor for the Vandalia Correctional Center and that he knew the defendant although he was not in his case load. Dellow received notice that the defendant was gone. Dellow was then briefed and left with the Superintendent for Chicago. They took the defendant into custody after they saw him coming out of an alley in the company of police officers around 12:05 a.m. June 15, 1974.

At the close of the State's case, the documents relating to the defendant's armed robbery conviction in Cook County were admitted into evidence. The jury returned a verdict of guilty and the defendant was sentenced to serve one to five years in the penitentiary, to run consecutively to the sentence he was serving at the time of his escape.

The defendant first contends that the denial of his constitutional right to a preliminary hearing warrants an outright reversal of his conviction. Ill. Const. 1970, art. I, §7 states, in pertinent part:

> "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

There is no question that a delay of four months from the defendant's

arrest to his trial without a preliminary hearing, even though there was a grand jury indictment in the interim, violated a constitutionally given right. However, we are of the opinion that the Illinois Supreme Court has ruled out the possibility of a reversal as a remedy for violation of the right to a preliminary hearing in *People v. Hendrix*, 54 Ill. 2d 165, 295 N.E.2d 724, and *People v. Howell*, 60 Ill. 2d 117, 324 N.E.2d 403. In *Hendrix* the court stated, "The second paragraph of section 7 does not provide a grant of immunity from prosecution as a sanction for its violation." (*People v. Hendrix*, 54 Ill. 2d 165, 169, 295 N.E.2d 724, 727.) This position was reiterated in *Howell*. (*People v. Howell*, 60 Ill. 2d 117, 121, 324 N.E.2d 403, 404. See *People v. Price*, 32 Ill. App. 3d 610, 336 N.E.2d 56 (5th Dist.).) In addition, the United States Supreme Court has held that "a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." *Gerstein v. Pugh*, 420 U.S. 103, 119, 43 L. Ed. 2d 54, 68, 95 S. Ct. 854, 866 (1975).

■■■ The most important distinction to be made in the instant case is, however, that a determination of probable cause was made when the grand jury returned an indictment. In a special concurring opinion in the *Hendrix* case this constitutional provision was interpreted to require simply a prompt determination of probable cause, whether by means of a preliminary hearing or grand jury consideration. In *Howell* the court adopted the premise of the concurring opinion and held that article I, section 7 required only that a prompt determination of probable cause be made either by the grand jury or by means of a preliminary hearing. This rule was followed by this court in *People v. Moore*, 28 Ill. App. 3d 1085, 329 N.E.2d 893.

The defendant's second contention is that he was prejudiced by the court's denial of his motion to exclude the testimony of witnesses whose names were not listed on the indictment. He argues that the State's failure to furnish him with a copy of the indictment not only prevented him from learning the names of the State's witnesses but precluded him from learning the exact nature of the charge as well. After carefully comparing the language of the indictment and that of the complaint, a copy of which the defendant did receive, we are unable to say that any prejudice resulted. The variation in language was immaterial. The fact that the complaint was originally given to the defendant in the absence of counsel is likewise of no moment in view of the fact that counsel was appointed immediately thereafter and at the arraignment both defendant and counsel stated that they had ample time to discuss the case.

■■ The defendant's next point is that he was prejudiced by the failure to receive a list of the State's witnesses. We disagree. The substance of

what he wished to know was readily available to the defendant since subpoenas were in the file for both Darrold Rhodes, the record keeper of the Vandalia facility, and Leo Meyer, the Superintendent. In addition liberal discovery was at all times available to the defendant who chose not to avail himself of it. (Ill. Rev. Stat., ch. 110A, §412.) The defendant can scarcely claim that at his trial he was surprised or prejudiced by the appearance of the warden and the record keeper of the institution from which he was charged with escaping. It is the settled rule in this State that the trial court has wide discretion in a criminal prosecution in permitting witnesses to testify whose names are not endorsed on the indictment. (*People v. Connors,* 413 Ill. 386, 108 N.E.2d 774.) We find no abuse of that discretion here.

As an adjunct to the foregoing point defendant claims that he should have been granted a continuance to interview the witnesses. However, in the absence of a request for a continuance the court was not required to grant one *sua sponte.*

■■■ Defendant asserts that where the State offered no evidence regarding the specific circumstances under which the defendant left the Penal Farm it failed to prove beyond a reasonable doubt that the defendant's absence was unauthorized as required by the relevant statute. (Ill. Rev. Stat. 1973, ch. 38, §1003—6—4(a).) The word "escape" as used in this section is defined as "\* \* \* the intentional and unauthorized absence of a committed person from the custody of the Department." (Ill. Rev. Stat. 1973, ch. 38, §1003—1—2(i).) The defendant contends that the jury was required to draw impermissible inferences from the evidence adduced to reach a verdict of guilty. The defendant's position seems to suggest that no inferences may ever be drawn from evidence offered at trial. That is not a correct statement of the law. The law recognizes that inferential knowledge is utilized, in greater or lesser degree, in arriving at any verdict. This rule has been variously expressed. The most frequent formulation is that "the trier of fact need not disregard the inferences that normally flow from the evidence" adduced. (*People v. Brown,* 27 Ill. 2d 23, 187 N.E.2d 728.) The rule has also been stated as, "a conclusion that the defendant is guilty beyond a reasonable doubt need not follow necessarily from the proven circumstances, but may be obtained therefrom by probable deduction." (*People v. Kelley,* 29 Ill. 2d 53, 59, 193 N.E.2d 21. Also see *People v. Koegel,* 262 Ill. App. 596; *United States v. Pichany* (7th Cir. 1973), 490 F.2d 1073.) We are of the opinion that a legitimate inference, "supported by reason and experience" arises from the evidence adduced at the instant trial. That the defendant left the penal farm and that that absence was unauthorized can be drawn from the testimony of the Superintendent of

the institution that defendant was gone from the center and that he had not been given permission to leave.

The defendant also argues that improper jury instructions, in conjunction with the prosecutor's arguments which sought to shift the burden of proof to the defendant, caused the jury to reach a verdict contrary to the evidence.

The portion of closing arguments to which the defendant objects are as follow:

> "I think the facts show that  *   *   *  Mr. Sanders left the institution. Now was he forced to leave? Was he drugged? No evidence, no defense of that. All we know is that he was gone and all we can presume from that is that he went.
>
> *   *   *
>
> We do what we intend to do. Testimony showed that Mr. Sanders is supposed to be at the Vandalia Correctional Center playing softball, and he wasn't. He was on his way to Chicago.
>
> *   *   *
>
> If we do what we intend to do, and I believe this is something that can be inferred since any other kind of evidence—what was Mr. Sanders doing in Chicago?"

■■ The defendant objects to these remarks, urging that the State may not ask the jury to make presumptions or inferences from the evidence presented. We are of the opinion that the cases previously cited on the issue of the legitimacy of presumptions and inferences from evidence adduced also apply in the context of closing arguments. The arguments were not improper or prejudicial since they found a basis in the evidence and inferences drawn therefrom. Furthermore, it cannot be fairly said that the arguments sought to shift the burden of proof to the defendant, especially where the jury was told in the instructions that the burden of proof remains with the State throughout the trial and the defendant is not required to testify.

■■ The defendant's objection to the jury instructions hinges on the fact that the Illinois Pattern Jury Instructions, Criminal, instructions given were formulated under the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, §1—6) and he contends that they did not correctly cover the crime of escape under the new Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, sec. 1003—1—1 *et seq.*) under which the defendant was charged. A careful comparison of the IPI Criminal instructions with the Unified Code of Corrections' definition of escape reveals any difference to be inconsequential. Additionally, the defendant waived the issue of instructional error when he failed to challenge the propriety of the tendered instructions in his motion for a new trial or in his argu-

524

ment upon the motion. The defendant failed to raise the issue of instructional error in any manner at any time during trial. *People v. Price,* 32 Ill. App. 3d 610, 336 N.E.2d 56.

Affirmed.

G. J. MORAN and CARTER, JJ., concur.