(No. 14038.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARTIN SICKS, Plaintiff in Error.

*Opinion filed October 22, 1921.*

1. CRIMINAL LAW—*what question by judge is improper during examination of witness.* On cross-examination to weaken the testimony of a witness who has identified the defendant as engaged in a robbery some years previous, it is improper for the judge to interrupt with the question, "And you could remember him if it was three or five years ago?" but the error in asking the question, which the witness answered in the affirmative, is not ground for reversal if the defendant was identified by other witnesses.

2. SAME—*when State's attorney may characterize defendant as a "fugitive from justice."* The State's attorney may characterize the defendant in a prosecution for robbery as a "cowardly, sneaking bandit" and as a "fugitive from justice," where it is not denied that the defendant, when first arrested, had escaped from the officer in whose custody he was placed and was at large a year before he was again apprehended.

3. SAME—*State's attorney should not characterize witness as a liar.* Where there is reason to believe that the story of a witness is not true the State's attorney should convey to the jury his opinion of the witness and his story without characterizing him as a "liar and a perjurer," as such language should not be used in any court.

4. SAME—*when State's attorney may comment on failure of defendant to testify.* In a prosecution for robbery, where the identity of the defendant is the only question seriously contested and the prosecuting witness has testified that he recognized in his assailant's voice a peculiar foreign accent which he could not characterize by any nationality, the State's attorney may in his argument refer to the defendant's failure to testify to show his nationality or to show that he did not speak with an accent.

5. SAME—*to constitute robbery the property must be taken from the person or the presence of the one assaulted.* To constitute robbery the property must be taken by force or intimidation from the person or the presence of the one assaulted, and it is not accurate to instruct the jury that the offense is robbery if they find that the defendant took "the property mentioned in the indictment, or some part thereof, in the possession or under the control" of the prosecuting witness.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

EUGENE L. McGARRY, (THOMAS E. SWANSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

On January 26, 1918, Frank Rose, an officer of the Heller-Rose Company, a corporation operating a retail jewelry store at 901 Marshall Field Annex, in Chicago, was robbed of jewelry belonging to the company worth over $150,000. About five o'clock in the evening two men entered the store and represented themselves to be detectives from headquarters looking for jewelry thieves. They had with them copies of *Detective,* a bulletin carrying pictures and descriptions of persons wanted for crime. They called the employees of the store together to show them the published pictures and asked them if they identified a certain picture as that of a man they had seen before. There were in the store at the time these men entered, Frank Rose, the president of the company, Gladys Davies, book-keeper, and Mae Daveny, telephone operator. When the employees were grouped they were ordered by the two men to go into the washroom. Each man was armed with a revolver. All the employees identify plaintiff in error, Martin Sicks, as the big man who forced them into the washroom and stood guard at the door. They recognized in his voice a foreign accent. Two other men joined the first two and all the jewelry in the show-cases and the safe was taken. A small safe and some furniture were piled against the washroom

door and the employees were told not to attempt to get out for fifteen minutes. As soon as the robbers left the employees forced the door open and freed themselves. Plaintiff in error was arrested in July, 1918, and was taken to the State's attorney's office in Chicago. Frank Rose saw him there and identified him as one of the robbers. The prisoner was placed in the custody of patrolman John H. Ward, who left the prisoner in the office of the first assistant State's attorney, a room on the second floor of the criminal court building, and went to the toilet. When he returned Sicks was gone. He was at large more than a year and was then re-arrested and placed on trial and found guilty of robbery. He prosecutes this writ of error to reverse the judgment of the criminal court of Cook county directing that he be imprisoned in the State penitentiary for an indeterminate period.

Plaintiff in error contends that the judgment should be reversed because of improper remarks and misconduct of the trial judge, misconduct of the State's attorney, error in the exclusion of competent evidence offered by plaintiff in error, and an erroneous instruction given for the People.

During the cross-examination of the witness Rose counsel for plaintiff in error was attempting to show that Rose did not have an opportunity to gain sufficient knowledge of his assailant to positively identify him. He asked Rose this question: "You were pulled around and told by the man at the door not to look at him, and that's three years ago?" and Rose answered "Yes." The trial judge interrupted with this remark: "And you could remember him if it was three or five years ago?" and Rose answered, "Yes, your Honor." Nothing had occurred to call for this remark from the court and it should not have been made. The only seriously contested question on the trial was the identity of plaintiff in error. In a case close on the facts this remark would have been reversible error, but this case is not of that character. Three witnesses positively identified plaintiff in error as

one of the robbers and plaintiff in error did not testify. Their identification stands in the record undenied.

Complaint is made of other interruptions by the trial judge, of the examination of witnesses and of the argument of counsel for plaintiff in error, but in view of the record we do not consider them of sufficient importance to demand a reversal of the judgment.

During his argument to the jury the State's attorney characterized plaintiff in error as a "cowardly, sneaking bandit;" "a fugitive from justice;" and "a man whom the police of the whole country have been looking for." The manner in which the robbery was committed and the fact that plaintiff in error had escaped from a police officer, and other facts connected with this case, justified the statements of the State's attorney and no error was committed in referring to plaintiff in error in these terms.

In commenting on the testimony of the witness Henry Price the State's attorney characterized him as "a liar and a perjurer." Price had testified that he took Sicks to the office of the Heller-Rose Company in March or April, 1919, at the request of Sicks' attorney; that the two of them stood at a counter and talked with Rose and Miss Davies regarding the repairing of Price's watch; that he had a new crystal put in the watch; that Miss Davies wore a navy blouse and that he made some remark to her about being discharged from the navy. Rose and Miss Davies both denied that Price or Sicks was in the store at that time, and Miss Davies testified that she had never worn a navy blouse to the store. Price claimed that he did not know that Sicks was accused of the Heller-Rose robbery and that he did not know why Sicks' attorney wanted him to take Sicks to the store. This story was unreasonable and was probably untrue, but we cannot approve the use of such strong language. The State's attorney could have conveyed to the jury his opinion of this witness and his story without characterizing him "a liar." Such language should not be used in any court. The inflam-

matory remark was not of that character that demands a reversal of the judgment.

Plaintiff in error contends further that the State's attorney commented on the failure of plaintiff in error to testify. The objection is to the following argument: "Let us check up on the State's case. Mr. Rose had quite a long conversation with Sicks, and Mr. Rose testified that Sicks had a peculiar accent to his speech. He could not tell just what nationality the accent would indicate and the defense does not appear to enlighten us on that subject." This was legitimate argument. The State's attorney had a right to comment upon the failure of the defense to produce testimony to show the nationality of Sicks and to show that he did not speak with a peculiar accent, if such was the fact. This was one of the details of identification by the complaining witness, and we see no reason, supported by law or justice, why the State should not be permitted to comment on the fact that this piece of evidence stands in the record undenied and unexplained.

Plaintiff in error called as a witness John F. Byrne, an attorney who had represented James Driscoll, tried in May, 1920, for the same offense. Miss Davies had testified, on cross-examination, that she testified on the Driscoll trial that she was not sure that Driscoll was one of the men who had committed the Heller-Rose robbery. It was sought to show by Byrne that Miss Davies testified in the Driscoll trial and that on that trial she did identify Driscoll as one of the robbers. This was not material. The State had not examined Miss Davies regarding her identification of Driscoll, and when plaintiff in error examined her on this question he made her his witness and was bound by her answers. It was not contended that Driscoll and Sicks resembled each other and that the identification of the one had anything to do with the identification of the other, nor was it contended that Driscoll was the one who came into the store with Sicks. There was no error in sustaining objections to this line of examination.

The People offered this instruction:

"The statute in force at the time of the commission of the alleged crime and under which statute the defendant is being tried provided as follows: 'Robbery is a felonious and violent taking of money, goods or other valuable thing from the person of another by force or intimidation. Every person guilty of robbery shall be imprisoned in the penitentiary not less than one year nor more than fourteen years, or if he is armed with a dangerous weapon, with intent, if resisted, to kill or maim such person, he may be imprisoned for any term of years or for life.' "

The trial judge read this instruction to the jury and then interrupted himself with this remark: "This is wrong; come here, Mr. Heth." Heth was the assistant State's attorney who was conducting the prosecution. Counsel for plaintiff in error objected to this interruption and the calling of the assistant State's attorney to the bench. The trial judge replied that he would not listen to the objection. He then directed the court reporter to add to the instruction the following sentence: "And if the jury find from the evidence, beyond a reasonable doubt, that the defendant, with others, by force or intimidation of the witness Rose took and stole the property mentioned in the indictment, or some part thereof, in the possession or under the control of the said Rose, as alleged in the indictment, then such offense is robbery." The instruction as offered by the People was a correct statement of the law. The sentence added was not the law. Property may be "in the possession" and "under the control of" a person and yet not be in the presence of the person. In order to constitute robbery the property must be taken from the person or the presence of the one assaulted. All the evidence in this case shows that the property stolen was taken from the presence of Frank Rose by intimidation, and the offense proven is clearly robbery. In view of the undisputed evidence in this case the jury would understand from the amendment to this instruction

that it was not necessary to show that the property was taken off the person of Rose but that it was sufficient if it was taken from his presence, and in view of the record the error in this instruction could not have been prejudicial to plaintiff in error.

The undisputed evidence in this record shows plaintiff in error guilty of the offense charged beyond all reasonable doubt, and the record is free from prejudicial error. The judgment of the criminal court is therefore affirmed.

*Judgment affirmed.*