**People of the State of Illinois, Plaintiff-Appellee, v. Clyde Millner, Defendant-Appellant.**

**Gen. No. 51,379.**

First District, Third Division.

February 23, 1968.

William Cousins, Jr., of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and David B. Selig, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Defendant was indicted for murder. A jury found him guilty of involuntary manslaughter and he was sentenced by the court to serve a term of not less than 7 years nor more than 10 years in the Illinois State Penitentiary.

On appeal the defendant contends that the court erred in giving instructions numbers 3 and 5, which were tendered by the State, and in refusing instructions 4, 5, 7, 8, 9 and 10, which were tendered by the defendant. Defendant also contends that the trial judge demonstrated, by his remarks immediately prior to passing the sentence, that he was prejudiced against the defendant.

The defense does not contend on this appeal that he was not proven guilty beyond a reasonable doubt.

As to the defendant's complaint concerning the giving of two State instructions and the refusal to give six instructions tendered by the defendant, the issue is not properly before this court. The defendant has abstracted only State's instructions numbers 3 and 5, given to the jury, and defendant's instructions 4, 5, 8, 9 and 10 which the court refused to give to the jury. None of the other instructions, either given or refused, have been abstracted by the defendant.

■ ■ It has been consistently held that where the abstract of record includes only the instructions complained of without regard to the other instructions, both given and refused, error cannot be predicated upon the giving, refusal or modification of those instructions, since the court is not bound to search the record itself to supply abstract deficiencies. People v. Robinson, 27 Ill2d 289, 189 NE2d 243; see also People v. Todaro, 14 Ill2d 594, 153 NE2d 563; People v. Allen, 17 Ill2d 55, 160 NE2d 818.

■ Another reason why the point relative to the giving of and refusal to give certain instructions by the court has not been preserved is the failure of the defendant to include in his written motion for new trial the giving of or refusal to give the specific instructions complained of. (People v. Riggins, 13 Ill2d 134, 148 NE2d 450.) Where a defendant has filed a written mo-

tion for a new trial and has not assigned as error in the written motion the specific instructions complained of, he is deemed to have waived error as to those instructions. (People v. Neukom, 16 Ill2d 340, 158 NE2d 53.) We will therefore not inquire whether the trial court erred in this respect.

The defendant in his second point argues that the court was prejudiced against him in making the following remarks which immediately preceded the sentencing of the defendant from 7 to 10 years in the penitentiary:

"THE COURT: Well, the Defendant here brought home with him a degenerate and the defendant, by his own testimony, is himself a degenerate.

"THE COURT: I don't believe you. And I feel that I know what I'm saying. Your son has proved to be the only decent citizen, male member of your family that I know. You had a good job and why you got yourself involved in this sort of thing, I don't know. Maybe you'll understand why not, but there is something wrong with you, that's obvious.

"You testified here under oath you took this man home for a degenerate sex act.

"THE COURT: I heard your testimony and I'm judging you by your own testimony. You admitted you went home for this purpose.

"THE COURT: I don't know what's wrong with you, but there's something wrong with you. Why you killed this man, I don't know. I'm satisfied you killed him and you intended to kill him.

"THE COURT: I'm certain you did. No one could fire the gun in that trajectory unless he was on his knees in front of you, and that's what happened, I think.

"THE COURT: The bullet couldn't have entered his body and come out any other way unless he's on his knees in front of you.

"THE COURT: Well, maybe his period of incarceration will help him and maybe it won't, I don't know. He has a problem and he's taken a human life. He knew what he was doing, when he took it."

■ The defendant does not complain about any remarks during the course of the trial that would indicate any prejudice of the judge. The remarks of the judge seemed more to indicate that he was in agreement with the verdict of the jury. When the judge said he did not believe the defendant he was merely concurring with the jury's verdict. The jury did not believe the defendant. The judge's comments also indicated that he felt the defendant intended to shoot the deceased, and explained his reasoning by pointing out the evidence relating to the trajectory of the bullet. We do not feel the comments of the judge indicate any prejudice which would tend to blind him in reaching a fair and just sentence. Everything that was said by the judge was borne out by evidence in the case, or inferences that could properly have been drawn from such evidence.

In People v. Matthews, 17 Ill2d 502, 508, 162 NE2d 381, the court said:

"Upon sentencing defendant the trial judge remarked that it was regrettable that the statute limited the sentence to 20 years, and that in this type of case a man should be put away for life. He then sentenced the defendant to a minimum of 19 years and a maximum of 20 years.

"Defendant points to nothing during the course of the trial which indicates passion or prejudice on the part of the court. The remarks to which defendant now takes exception were made only after the court had found the defendant guilty. The remarks do not

mean that the court had entertained a preconceived attitude in regard to defendant's guilt, but only that the facts of the crime, as they came to light from the evidence presented, shocked and revolted the court.

"We can well understand the strong feelings of the court, but nothing appears to us to indicate that the court tried the case in any attitude other than one of impartiality and fairness. The actions of the court during the trial, and its pronouncements of judgment and sentence were proper, correct, and within the limits of the law. That the court expressed, after trial, a personal opinion clearly attributable to the evidence in the record, does not mean that the court was not an impartial trier of facts. People v. Brown, 392 Ill 519; People v. Tensley, 3 Ill2d 615."

In the instant case the judge was no doubt shocked and revolted by the evidence presented to the jury during the course of the trial. We feel that his statements were proper. The personal opinion of the trial judge after the trial was clearly attributable to the evidence in the record, and does not indicate that the sentencing was influenced by any prejudice on his part.

The sentence imposed by the trial court, being within the limits by law, will not be disturbed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.