THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES MOORE, Defendant-Appellant.

(No. 12109;

Fourth District—April 3, 1975.

David C. Thomas, of Woodlawn Criminal Defense Services, of Chicago (Steven Saltzman, Law Student, of counsel), for appellant.

John G. Satter, State's Attorney, of Pontiac (George S. Dzielak, Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Following a bench trial defendant was convicted of aggravated battery upon a correctional officer of the Pontiac Branch of the Illinois State Department of Corrections. Sentence of 8 months at the State Penal Farm to commence upon expiration of defendant's term of imprisonment was imposed.

Upon appeal it is argued that Supreme Court Rule 412 (a)(iii) imposes a mandatory duty upon the prosecution to record the testimony before the grand jury, particularly where prior to indictment defendant had filed a motion for discovery and production of such record; that the indictment is void and the court without jurisdiction because the prosecution, in violation of article I, section 7, paragraph 2, of the Constitution of 1970, did not provide a prompt preliminary hearing upon the information which initially charged the offense, and that defendant was not proven guilty beyond a reasonable doubt.

A correctional officer, Voss, was the victim of the aggravated battery. His grand jury testimony was not recorded. Defendant contends that such failure is reversible error in that Supreme Court Rule 412(c) requires the prosecution to produce material within its "possession or control." In *People v. Lentz*, 55 Ill.2d 517, 304 N.E.2d 278, the same contention was made and the trial court dismissed the indictment. The supreme court affirmed a reversal of the trial court by the appellate court, stating that the plain reading of Rule 412 does not require that the grand jury proceedings be recorded "[B]ut only that relevant portions of a transcript of these proceedings be produced upon request if recorded."

The opinion specifically stated that failure to record such testimony does not require dismissal of the indictment. Under the Federal Rules of Criminal Procedure, 18 U.S.C.A., Rule 6(e), a failure to record grand jury testimony is not reversible error. *United States v. Aloisio* (7th Cir. 1971), 440 F.2d 705, *cert. denied*, 404 U.S. 824, 30 L.Ed.2d 51, 92 S.Ct. 49.

The authorities do not support defendant's contention that the indictment is void and the court without jurisdiction because defendant was not "[G]iven a prompt preliminary hearing" upon the information filed as provided in article I, section 7, of the 1970 Illinois Constitution.

■■ The purpose of a preliminary hearing is to insure that a person charged is not held in custody or to bail without a showing of probable cause. (*People v. Hendrix*, 54 Ill.2d 165, 295 N.E.2d 724 (specially concurring opinion); *Gerstein v. Pugh*, —— U.S. ——, 43 L.Ed.2d 54, 95 S.Ct. 854.) The constitutional right concerned is to be not unduly detained. (*People v. Howell*, 60 Ill.2d 117.) Here, defendant was serving a penitentiary sentence at the time of the offense and was not entitled to bail or to discharge from his then custody.

■■ In *Hendrix*, the trial court had dismissed an indictment returned while an order for a preliminary hearing was pending. The supreme court reversed. The opinion points out that the constitutional provision does not provide a grant of immunity from prosecution for failure to hold a prompt preliminary hearing. Again, in *Howell*, the supreme court pointed out that the constitutional language did not provide as a sanction that defendant be exempt from prosecution because a prompt preliminary hearing was not held. That opinion concluded that any sanction should be fashioned by the legislature.

■■ Within the context of the fourth and fourteenth amendments to the Constitution of the United States, an illegal detention does not void a subsequent conviction and "[A] conviction will not be vacated on the ground that defendant was detained pending trial without a determination of probable cause". *Gerstein v. Pugh*, —— U.S. ——, 43 L.Ed.2d 54, 95 S.Ct. 854.

■■■ Upon the issue of proof beyond a reasonable doubt, the victim, Voss, knew defendant by sight and had talked with him shortly prior to the occurrence. A clear identification will sustain a conviction even though contradicted by the defendant. (*People v. Stringer*, 52 Ill.2d 564, 289 N.E.2d 631.) Voss identified the defendant as one who had beaten him. It is asserted that a written statement made by Voss impeached his testimony identifying defendant. A fair reading of such statement is that Voss, speaking of a different transaction, could not identify the inmates who beat another officer. The trial court is in a better position to

appraise the credibility of the witnesses. The judgment here is not palpably contrary to the evidence, and the evidence is not so unreasonable as to create a reasonable doubt of guilt. *People v. Watkins*, 46 Ill.2d 273, 263 N.E.2d 115; *People v. Stringer*, 52 Ill.2d 564, 289 N.E.2d 631.

The judgment is affirmed.

Affirmed.

SIMKINS, P. J., and SMITH, J., concur.