THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS PRICE, Defendant-Appellant.

(No. 74-23;

Fifth District—October 10, 1975.

Paul Bradley and Lynn Sara Frackman, both of State Appellate Defender's Office, of Chicago, for appellant.

Michael J. Henshaw, State's Attorney, of Harrisburg (Bruce D. Irish and Raymond F. Buckley, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Dennis Price, from a judgment of conviction entered by the circuit court of Saline County on a jury's verdict of guilty to the charge of involuntary manslaughter and the sentence of 2 to 6 years' imprisonment imposed thereunder.

The defendant raises the following issues on his appeal: (1) whether he was denied his right to a speedy trial; (2) whether he was denied his right to a prompt preliminary hearing; and (2) whether the jury was improperly instructed. The State, on the other hand, raises the question of whether the defendant has waived certain of these issues. We shall commence our review with a discussion of the waiver issue.

Following the defendant's jury trial, the defendant filed a "motion for arrest of judgment or in the alternative, motion for a new trial" alleging: (1) that he was not proven guilty beyond a reasonable doubt; (2) that he was denied a fair trial; (3) that he was denied due process of

law; (4) that he was denied equal protection of the laws; (5) his constitutional rights were denied; (6) the State failed to prove every material allegation; and (7) the State's closing argument was prejudicial. The State moved to strike defendant's motion on the grounds that the defendant failed to comply with sections 116—1 and 116—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, pars. 116—1, 116—2). After oral argument on the motions the State's motion to strike was allowed.

■■ As a general rule:

"Where the grounds for a new trial are stated in writing, the accused is limited on review to the errors alleged therein and all other errors are deemed to have been waived." (*People v. Hairston,* 46 Ill.2d 348, 367, 263 N.E.2d 840, 851.)

(See also *People v. Pickett,* 54 Ill.2d 280, 296 N.E.2d 856; *People v. Hutson,* 13 Ill.App.3d 775, 300 N.E.2d 305.) Thus:

"* * * where a defendant fails to include in his written motion for a new trial his objections to the giving or refusal to give the specific instructions complained of, he waives any error as to those instructions. (*People v. Neukom,* 16 Ill.2d 340, and *People v. Miller* [*sic*], 92 Ill.App.2d 245." (*People v. Hicks,* 133 Ill.App.2d 424, 435, 273 N.E.2d 450, 459.)

Consequently, we consider the defendant's motion for a new trial, which not only failed to raise any objection to a specific instruction, but did not even challenge the propriety of the tendered instructions, a waiver of any instructional error.

■■ Similarly, we consider the fact that neither the defendant's oral argument on his post-trial motion nor the motion itself contained any reference to his contention that he was denied a speedy trial a waiver of such contention. We further note that defendant made neither an oral nor written motion for a speedy trial; and was admitted to bail on the day of his arrest.

■■ Conversely, while the defendant's post-trial motion failed to specifically raise any error based upon the State's failure to conduct a prompt preliminary hearing, we note that specific reference was made to this contention in defendant's oral argument on the motion. Since the trial court was made cognizant of this contention and had an opportunity to review it, we do not consider this contention waived.

■■ The defendant was arrested and released on bond on December 9, 1971. He was indicted 168 days later, on May 25, 1972. He was eventually given a preliminary hearing on February 15, 1973, 403 days after his arrest. The defendant claims that the State's inaction violated his constitutional right to a prompt preliminary hearing as guaranteed by section 7 of article I of the 1970 Illinois Constitution (Ill. Const. (1970), art. I,

§ 7). We agree. Nevertheless, our supreme court has held. that while a defendant must be granted a prompt preliminary hearing, "The legislature has not fashioned a remedy of discharge for a violation of this section [Ill. Const. (1970), art. I, § 7] as it has for the violation of the defendant's right to a speedy trial. (Ill. Const. (1970), art. I, sec. 8; see Ill. Rev. Stat. 1973, ch. 38, par. 103—5.)" (*People v. Howell,* 60 Ill.2d 117, 120, 324 N.E.2d 403, 404.) Although the court held that the defendant had not "properly preserved" this issue for review, it reviewed the circumstances of the case and stated its belief that the denial of this right did not "deprive the accused of a substantial means of enjoying a fair and impartial trial." (60 Ill.2d 117, 121.) The court, noting the severity of the violation (65 days' incarceration), expressed its deep concern and urged the legislature to formulate appropriate "sanctions to assure and protect the right to a prompt preliminary hearing guaranteed by section 7 of article I." (60 Ill.2d 117, 122.) A like result was reached in *People v. Moore,* 26 Ill.App.3d 1078, 327 N.E.2d 84; *People v. Hunt,* 26 Ill.App.3d 776, 326 N.E.2d 164. In *People v. Moore* the court cited *Howell* and quoted approvingly the following passage from *Gerstein v. Pugh,* 420 U.S. 103, 43 L.Ed.2d 54, 95 S.Ct. 854:

> "[A] conviction will not be vacated on the ground that defendant was detained pending trial without a determination of probable cause." (26 Ill.App.3d 1078, 1080.)

It thus appears that unless the denial of the right to a prompt preliminary hearing deprives the accused of "a substantial means of enjoying a fair and impartial trial," such denial does not entitle a defendant to have his conviction vacated. Since the instant record contains no indication that the denial of a prompt preliminary hearing deprived the defendant of "a substantial means of enjoying a fair and impartial trial," we have little choice other than to recognize the violation of the defendant's constitutional rights and condemn the State's inaction which resulted in such violation.

■■ Notwithstanding the fact that the defendant's remaining arguments have been waived, we deem it advisable to address the defendant's claim of instructional error in order to prevent the problem from arising in the future. The defendant claims that the trial court erred in giving IPI Criminal No. 306, which provides,

> "You have before you evidence that [the] [a] defendant made [an admission—admissions] of [a fact—facts] relating to the crime charged in the indictment.
>
> It is for you to determine [whether the defendant made the admission(s), and, if so] what weight should be given to the [admission—admissions]. In determining the weight to be given to

an admission, you should consider all of the circumstances under which it was made."

The Committee Note following this instruction provides, "Bracketed portion to be deleted only when the defendant admits making all of the material statements attributed to him." From the language employed in IPI Criminal No. 3.06 and the following Committee Note it appears that such instruction was formulated to instruct the jury concerning the amount of weight to be given to admissions made *out of court.* The instruction refers to "evidence," not testimony, which is before the jury and contains an optional provision instructing the jury that they are to determine whether the defendant actually made the admission(s). Moreover, it is this court's considered opinion that any application of this instruction to admissions made in court would have a tendency to unduly emphasize certain testimony. It is, therefore, recommended that this instruction be given only in reference to admissions made *out of court.*

While we find that IPI Criminal No. 3.06 was given erroneously in the instant case, under the facts herein present we do not find that this constituted *reversible* error. The only issue before the jury in the instant case was whether the defendant acted recklessly. The jury had before it evidence that the defendant was "playing" with a lethal weapon and that he repeatedly placed this weapon in close proximity to the heads of the other individuals. The defendant admitted that he was unsure whether the weapon was loaded and made no examination of the weapon to determine whether it was loaded.

For all of the foregoing reasons the judgment of conviction entered by the circuit court of Saline County is affirmed.

Judgment affirmed.

CARTER and KARNS, JJ., concur.