THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT TODD, Defendant-Appellant.

(Nos. 74-179, 74-367 cons.;

Fifth District—January 7, 1976.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Loren P. Lewis, State's Attorney, of Benton (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant, Robert Todd, was convicted of burglary pursuant to his negotiated plea of guilty in Franklin County in March, 1974, and was convicted of a separate burglary after a jury trial in the same county in February, 1974. In separate sentencing proceedings, defendant received concurrent 3- to 9-year sentences. The two cases were consolidated on this appeal for argument and opinion.

■■ One issue common to both appeals should be disposed of at the outset. Defendant contends that the court erred in imposing the mandatory parole term of three years as provided by section 5—8—7 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1), where the offense occurred prior to January 1, 1973, the effective date of the Unified Code of Corrections. Section 8—2—4 of the Code (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4), states in pertinent part:

"If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced."

Defendant argues that under prior law, defendant's 3- to 9-year sentence would not have included the mandatory parole term and therefore would be less than the sentence imposed under the Unified Code of Corrections. This position, however, is a misreading of section 8—2—4. The "sentence" under pre-Unified Code of Corrections law for burglary was "any indeterminate term with a minimum of not less than one year." (Ill. Rev. Stat. 1971, ch. 38, par. 19—1.) In 1973, burglary was made a Class 2 felony with an available range of penalties of from 1 to 20 years. A clear reading of section 8—2—4, "sentences under this act apply if they are less than under the prior law * * *," indicates that the determinant factor in deciding what law should apply is the available range of penalties under the Code and prior law and not the specific sentence imposed upon a particular defendant. Thus, under the prior burglary statute, defendant could have received a maximum sentence of 50 years or 200 years and could in fact have received a minimum sentence in excess of the maximum available after January 1, 1973, including the mandatory parole term. It is apparent that under section 8—2—4, the Unified Code of Corrections applied to defendant's sentencing pro-

cedures and the imposition of the mandatory parole term was proper. None of the cases cited by either side are particularly illuminative, but as we have noted, the statute itself appears clear and unambiguous. The trial court did not err in imposing sentence under the Unified Code of Corrections.

■■ The other alleged errors involve defendant's jury trial conviction. Defendant first contends that the cause should be reversed for the trial court's failure to provide defendant a prompt preliminary hearing as guaranteed by article I, section 7 of the Illinois Constitution of 1970. Defendant was charged by information with the instant offense on November 3, 1972, and remained incarcerated until January 26, 1973, when a preliminary hearing was held, a period of 84 days. At the commencement of the hearing, defendant's motion for discharge was denied. Probable cause was determined and defendant was bound over to the grand jury which returned an indictment on February 20, 1973, 25 days later. The sole reason alleged by the State for the delay was that a new State's Attorney had taken office in December, 1972, and that the new prosecutor had been engaged since that time in plea negotiations with the defendant. There can be no doubt upon the record before us that defendant's right to a prompt determination of probable cause for further prosecution was violated, and egregiously so. It appears further that the State's purported excuse for the delay is untenable. This does not mean, however, that the cause must be reversed. Our Supreme Court several times has considered the problems raised by similar violations of article I, section 7, and has concluded that dismissal of the charges or reversal on appeal is not an appropriate remedy to redress the wrong. (*People v. Hendrix,* 54 Ill.2d 165, 295 N.E.2d 724 (1973); *People v. Howell,* 60 Ill.2d 117, 324 N.E.2d 403 (1975).) In a case similar to the instant one, the Fourth District Appellate Court found that the defendant's right to a prompt preliminary hearing had been denied but, bound by *Hendrix* and *Howell,* affirmed the conviction. (*People v. Hunt,* 26 Ill.App.3d 776, 326 N.E.2d 164 (1975), *leave to appeal denied,* 58 Ill.2d 597. See also *People v. Moore,* 26 Ill.App.3d 1078, 327 N.E.2d 84 (1975); *People v. Daily,* 30 Ill.App.3d 413, 332 N.E.2d 146 (1975).) In *Howell,* the court specifically urged the legislature to enact legislation to implement effectively the constitutional provisions and indicated that the court would recommend such legislation to the General Assembly. Although defendant here argues that this court is not precluded from establishing a judicial remedy, we believe that our Supreme Court has stated clearly its belief that the subject is properly within the legislative purview and we adhere to that decision.

Defendant next contends that he was denied the right to speedy trial

guaranteed by section 103—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a)). Although defendant was not tried until over a year after he was arrested, the argument centers on the first 120 days of that period. Defendant was arrested and incarcerated on November 3, 1972. Defendant appeared in court on that day and was advised of his rights. The docket sheet indicates that counsel was appointed and preliminary hearing was set for November 14, 1972. The next entry was January 26, 1973, the day the preliminary hearing was held. On February 15, 1973, the 104th day of defendant's incarceration, the court reduced defendant's bond to a personal recognizance. At that time, defendant stated that he would not sign the bond. When asked if he were ready for trial the next week, defendant stated, "No. I haven't been indicted." On February 20, defendant was indicted and on February 21 pleaded not guilty. Trial was set for February 28 but defense counsel reserved the right to file "post-arraignment" motions prior to trial. On February 23, the 112th day, defendant moved to dismiss counsel and, at a hearing on February 26, was granted a continuance of 2 weeks in which to secure other counsel. The court specifically noted that the continuance was at the request of the defendant and the State announced ready for trial. Thereafter, defendant filed several motions *pro se* for discovery, dismissal of the charges, and other procedural matters.

■■■ There is no doubt that defendant's request that appointed counsel be dismissed and his accompanying motion for continuance to secure other counsel caused a delay occasioned by the defendant which would toll the statutory period under section 103—5. Defendant argues, however, that had he been indicted within a reasonable period of time after arrest, the change of attorneys would not have prevented trial within the original 120 days. The Supreme Court has recently held that where a delay is occasioned by the defendant the 120-day period begins to run anew regardless of the State's ability or inability to bring the case to trial within the initial 120 days. (*People v. Gooding*, 61 Ill.2d 298, 335 N.E.2d 769 (1975).) And in a previous decision, the court held that arraignment and appointment of counsel on the 119th day without explanation for the reasons for the delay did not deny defendant due process of law by requiring him to choose between his right to speedy trial and to effective assistance of counsel. (*People v. Williams*, 59 Ill.2d 402, 320 N.E.2d 849 (1974).) Defendant in no way demonstrated that appointed counsel was less than diligent or that he was "forced" to move for counsel's dismissal at that late date. Defendant clearly chose to file the motion and specifically asked for the continuance and thereby tolled the running of the 120-day period.

Defendant next contends that he was denied a fair trial by the failure of the State's Attorney to withdraw from the prosecution of the case and by the court's refusal to appoint a special prosecutor. At a hearing on another matter, defense counsel stated to the court that it was his understanding that defendant had filed suit in Federal court, pursuant to 42 U.S.C. 1983, charging the State's Attorney with violation of defendant's constitutional rights. At that time defense counsel stated that he brought the matter to the attention of the court for the State's Attorney to consider and stated that he "might" later file a motion for appointment of a special prosecutor. On the date trial was to begin, defendant made an oral motion to remove the State's Attorney from the case and for appointment of a special prosecutor and asked leave to file a written motion. The court denied the oral motion but granted defendant leave to file a written motion and documents and affidavits in support thereof. At no time thereafter did defendant take advantage of the court's offer. Nor was the alleged error included in the post-trial motion.

■■ On appeal, defendant makes a vague allegation that a conflict of interest necessarily or apparently arose between the State's Attorney's duty to serve the public and his position as defendant in a Federal civil action. The trial court, however, was never given an opportunity to rule properly on the motion. By declining the court's offer to detail and support his allegations, the defendant elected to abandon his attack upon the State's Attorney. On the record before us the only indication of a pending civil suit came from defense counsel's oral motion and accompanying argument, which even he believed to be insufficient to present the matter for determination. In light of defendant's abandonment of the issue in the court below and the utter lack of evidence in the record to support defendant's allegations, we are in no position to address this issue and, in fact, do not consider it appropriately preserved for review.

Defendant's final contention is that the trial court erred in refusing to allow a defense motion for a writ of habeas corpus *ad testificandum*. Prior to trial, defendant petitioned the court for the writ to secure the presence and testimony of one Harry Lee Dodd, then a Federal prisoner confined in Texas. For a brief period, Dodd and defendant both were incarcerated in the Franklin County jail. During that period, defendant allegedly procured admissions from the sheriff of Franklin County that the charges against defendant were false and that defendant was being prosecuted for political reasons. Attached to the petition was an affidavit from Dodd containing a verbatim transcript of the alleged conversation between Dodd and the sheriff. A counteraffidavit from the sheriff contained a total denial of the allegation.

850

■■ At a hearing held on defendant's petition, the State argued that the matters contained in the petition and affidavit were inadmissible hearsay not related to the guilt or innocence of the defendant. In addition the State argued that even were the evidence admissible, it could be used solely to impeach the sheriff who was not scheduled to testify. On appeal, the State also notes that the alleged error was not contained in defendant's post-trial motion and should be considered waived and that defendant abandoned the point at trial by his failure to attempt to secure Dodd's testimony through deposition. We find it unnecessary to reach these points, however. We have carefully reviewed the evidence at trial and the purported admissions by the sheriff to Dodd. The former is overwhelming, the latter wholly incredible. Even were the court to have allowed defendant's petition and secured Dodd as a witness, we can say without doubt that a contrary result would not have occurred.

The judgment of the Circuit Court of Franklin County is affirmed.

Affirmed.

G. J. MORAN and EBERSPACHER, JJ., concur.