THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LAMAR STEPNEY, Defendant-Appellant.

Fifth District    No. 75-358

Opinion filed March 15, 1977.

James Geis and Steven Clark, both of State Appellate Defender's Office, of Chicago, and Janet K. Nowlan, law student, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Roger Rammel Kasny, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Lamar Stepney, was charged with armed robbery in the circuit court of Madison County. Following a jury trial, defendant was found guilty as charged and was sentenced to a term of seven to 12 years imprisonment. Defendant appeals the judgment entered by the trial court.

Defendant presents three issues for review: (1) whether he was proven guilty beyond a reasonable doubt; (2) whether error was committed in connection with the impeachment of a defense witness; and (3) whether the court erred in its refusal to permit the impeachment of the State's identification witness.

On November 25, 1974, at 8:45 p.m. the victim, August Brunns, Jr., was talking on the telephone inside his gasoline station. Three youths entered the station and announced the robbery. The station was well lighted by two fluorescent lights and for 30 to 40 seconds, Brunns stood staring at the person he identified as defendant, who was standing only one foot from Brunns and who was holding a sawed-off shotgun pointed directly at Brunns. At trial, Brunns testified that he was positive of his identification of defendant, but that he had not had the opportunity to get a good view of the other two youths because defendant was the closest to him and throughout the period "my eyes [were] directly on him continuously until I turned around and opened the register." Upon opening the cash register Brunns was struck twice on the back of his head with a shotgun. Money was then taken from his person and the cash register.

In addition to the testimony of Brunns, the State called a police officer to the stand, who testified that after the robbery, a shotgun shell and a chip of wood from the stock or forearm of a shotgun were found at the scene of the crime. Brunns and the police officer were the only witnesses called by the State.

For the defense, Floyd Nelson testified that he was one of the youths that had committed the armed robbery and that he had pleaded guilty thereto at a prior juvenile proceeding. Under questioning by defendant, Nelson admitted that in a written confession that he had signed, he had named defendant as an accomplice but, he stated, this portion of the confession was untrue and that defendant had not participated in the armed robbery. He explained that at the time he had confessed, he had been intoxicated and that he realized his error two days thereafter.

The defense next called four police officials who testified that at the time Nelson had confessed to the crime and had named defendant as an accomplice, he was sober and alert.

Finally, defendant, himself, testified denying his participation in the crime and he stated that at the time of the armed robbery, he had been standing on a street corner near his home.

■■■ Defendant first contends that he was not proved guilty beyond a reasonable doubt because, he argues, Brunns' identification of him was unworthy of belief and because Nelson testified that defendant had not committed the crime.

It is well settled that a positive identification by even one witness, who had a good opportunity to observe an accused in terms of length of time, proximity and lighting conditions, is sufficient to sustain a verdict of guilty. (*People v. Irons*, 20 Ill. App. 3d 125, 312 N.E.2d 664.) Brunns testified that under good lighting conditions, for 30 to 40 seconds, his eyes were fixed on defendant, who was standing only one foot from Brunns and who was pointing a sawed-off shotgun at him. This positive identification testimony of Brunns is clearly sufficient to sustain the jury's guilty verdict. That this testimony was contradicted by Nelson, whose testimony was in turn contradicted by his own confession and the testimony of other defense witnesses, presented a question for the jury whose duty it is to weigh the evidence and determine the credibility of the witnesses. A court of review will not reverse their finding unless it is palpably contrary to the weight of the evidence or so unsatisfactory as to raise a reasonable doubt of guilt. (*People v. Robinson*, 3 Ill. App. 3d 858, 279 N.E.2d 515.) Upon examination of the record, we find no basis for disturbing the jury's verdict.

Defendant next contends that error was committed when the State introduced Nelson's confession into evidence for the purposes of impeachment. Defendant argues that "the jury undoubtedly considered the confession as substantive evidence against the defendant." The record shows that it was defendant who first introduced the fact that Nelson had signed a confession naming defendant as a participant. Defendant also extensively questioned Nelson concerning the substance of the confession and he used the written statement to refresh the recollection of his witness about the contents thereof. No objection was made to the introduction of the written confession into evidence although defendant stated that he "could object" on the grounds that Nelson was intoxicated when he signed it. The confession was admitted by the trial court and the jury was twice instructed to consider it solely for the purpose of impeaching the credibility of Nelson and not for the purpose of determining the guilt or innocence of defendant. The issue defendant now seeks to raise was not contained in his post-trial motion.

■■■ Since defendant failed to raise the contention both during trial

and in his post-trial motion, we deem it waived. (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Price*, 32 Ill. App. 3d 610, 336 N.E.2d 56.) In any event, since defendant, himself, fully revealed the contents of Nelson's confession, he cannot now complain about the State's use of the confession to impeach Nelson nor could he have been prejudiced thereby.

■■ Lastly, defendant contends that the trial court erred in refusing to allow him to impeach Brunns' identification testimony with evidence that Brunns had failed to identify two suspects in lineups, whom Brunns had earlier identified from photographs as defendant's accomplices.

It appears that six weeks after the robbery, Brunns identified the photographs of defendant and two others, Titus White and Marcus White. Brunns testified that his photographic identification of defendant and one of the White brothers was positive; however, a defense witness testified that only the photographic identification of defendant was positive and that Brunns was unsure of the other two suspects. Subsequently, at lineups in which the White brothers but not defendant participated, Brunns failed to identify either of the White brothers. It also appears that charges were never brought against the White brothers.

At trial, the State did not introduce any evidence of Brunns' photographic identification of defendant or the White brothers. Defendant, however, was permitted to cross-examine Brunns concerning the photographic identification but was not permitted to question Brunns about his failure to identify either of the White brothers at the lineups. Defendant's offer of proof regarding the lineups was also refused.

Defendant argues, citing *People v. Watkins*, 23 Ill. App. 3d 1054, 320 N.E.2d 59, that Brunns' failure to make lineup identifications of suspects whom he had identified, along with defendant, from photographs, casts doubt upon Brunns' in-court identification of defendant and thus he should have been allowed to bring out this information before the jury.

In *Watkins*, at a pretrial hearing, three witnesses positively identified a Joseph Brooks as one of the robbers along with the defendants. However, charges against Brooks were nolle prossed by the State when it appeared that his alibi was legitimate. At trial the defendants sought to cross-examine the witnesses regarding their prior identifications of Brooks. The trial court refused this line of inquiry, which on appeal, the court held to be error.

> "Since the State had placed Brooks with defendants at the scene of the robbery, questioning the State's witnesses regarding their ability to observe, recollect, and narrate as to the actions of Brooks, based upon the facts in this case, certainly would be pertinent to their ability to do likewise as to the activities of the defendants." 23 Ill. App. 3d 1054, 1060, 320 N.E.2d 59, 63.

We find *Watkins* to be distinguishable from the case at bar on its facts.

Here, the State did not purport to place the White brothers with defendant at the scene of the robbery. Also unlike *Watkins*, the identification witness did not persist in his original identifications, whether tentative or positive, of the White brothers, but he had withdrawn any such claims after viewing the lineups. Most significantly, Brunns did not claim to be capable of making an identification of the other two youths who committed the crime, as he could make of defendant. To the contrary, Brunns testified that he had not the opportunity to observe the other youths because during the short time afforded him, his eyes were fixed on defendant. Hence, for the same reason he was able to positively identify defendant, he could not identify the two others involved.

In *People v. Sicks*, 299 Ill. 282, 132 N.E. 573, the court held that evidence of a witness' identification of another person at an earlier trial for the same offense was not admissible to impeach the testimony of the witness as to the identification of the defendant where it was not contended that the identification of the person tried in the prior trial had anything to do with the identification of the defendant. See also *People v. Welch*, 22 Ill. 2d 558, 177 N.E.2d 160.

So too, in the case at bar Brunns' misidentification of the White brothers had nothing to do with his identification of defendant. If anything, Brunns' ability and opportunity to observe defendant was inversely related to his ability and opportunity to observe the other two youths under the facts of this case. Thus, Brunns' failure to identify the White brothers at lineups lacked any probative value as tending to cast doubt on his in-court identification of defendant and could only lead to a confusion of issues before the jury.

Consequently, we affirm the judgment of the circuit court of Madison County.

Affirmed.

G. J. MORAN and JONES, JJ., concur.