**STATE of Missouri, Plaintiff/Respondent,**

v.

**Jerome D. CURRY, Defendant/Appellant.**

**No. ED 96834.**

Missouri Court of Appeals, Eastern District, Division Two.

April 17, 2012.

Ellen H. Flottman, Columbia, MO, for appellant.

Chris Koster, Attorney General, Daniel N. McPherson, Assistant Attorney General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Defendant Jerome D. Curry, appeals from the judgment entered upon a jury verdict finding him guilty of robbery in the first degree, in violation of section 569.020 RSMo (2000);[1] attempted robbery in the first degree, in violation of section 564.011; armed criminal action, in violation of section 571.015; and resisting a lawful stop, in violation of section 575.150. The court sentenced him to twelve years imprison-

ment on both the first degree robbery count and the attempted first degree robbery count, three years imprisonment on the armed criminal action count, and four years imprisonment on the resisting a lawful stop count, all terms to be served concurrently. Defendant challenges the trial court's exclusion of evidence that one of the victims had misidentified one of defendant's accomplices in a photospread. We affirm.

The sufficiency of the evidence is not in dispute. Between approximately 10:00 and 10:15 p.m. on September 21, 2008, defendant was driving a white Chevrolet Caprice. He pulled the Caprice up to the curb where the victims J.G. and S.N. were standing and asked J.G. for directions. Defendant drove away, made a U-turn, and returned. Two male passengers, who had put shirts or bandanas over their faces, got out of the Caprice, and one passenger pointed a shotgun at J.G.'s chest and felt through J.G.'s pockets in an attempt to steal his wallet. The other passenger pointed a pistol at S.N.'s neck and took S.N.'s wallet from his back pocket. The passengers got back into the Caprice, and defendant sped away.

At trial, J.G. testified to his first encounter with defendant. When defendant stopped to ask J.G. and his companions for directions, J.G. knelt down at the driver's door so his face was even with defendant's and gave him directions. He noticed that defendant had a gold grill over his top and bottom teeth. In addition, J.G. testified that while he was at the police station after the robbery, he saw defendant come in and complain that his car had been stolen. J.G. recognized defendant immediately, even though he was not wearing the gold grill. He informed the police that he was 99% sure that defendant was the driver, and told the police that if defendant had a

1. All further statutory references are to RSMo (2000) unless otherwise indicated.

gold grill, then he would be "100%" sure of his identification. The police searched defendant, found a gold grill, and had J.G. view defendant with the grill through a glass door. J.G. conclusively identified defendant as the driver.

J.G. identified defendant at trial. Defense counsel requested that he be allowed to cross-examine J.G. about the fact that J.G. had misidentified the passenger with the shotgun in a photospread. The state objected on the ground that it is "irrelevant and immaterial and it distracts the jury's attention from the issue in this case as to whether or not the defendant was, in fact, the driver of the white Caprice." Defense counsel responded that the testimony was relevant to demonstrate J.G.'s ability to observe and remember what happened, and it weighed against his credibility in identifying the defendant. The trial court sustained the objection on the grounds that the identifications occurred under different circumstances because the passenger with the shotgun was masked. Defense counsel also sought to introduce J.G.'s misidentification of the passenger during Detective Hurocy's cross-examination, and the trial court sustained the state's objection.

Defense counsel made an offer of proof outside the presence of the jury in which J.G. testified that a month after the robbery, a detective, later identified as Detective Hurocy, asked J.G. to identify the passenger with the shotgun in a photo lineup. J.G. testified that he was unsure about his ability to identify the passenger with the shotgun because the passenger was masked, but he picked a person in the photo lineup who he believed looked most like the passenger. In a separate offer of proof, Detective Hurocy testified that the photo J.G. selected had been randomly drawn from the crime matrix and was not the police's suspected accomplice, Jamelle Bledsoe.

For his sole point on appeal, defendant contends that the trial court erred in sustaining the state's objections to evidence that J.G. had picked the wrong person out of a lineup containing a photo of Jamelle Bledsoe because this evidence would impugn J.G.'s ability to reliably identify defendant.

■■■ The trial court is vested with broad discretion in determining the permissible scope of cross-examination on issues that may be pertinent to a witness's credibility. *State v. Mayes*, 63 S.W.3d 615, 629 (Mo. banc 2001); *State v. Mann*, 23 S.W.3d 824, 835 (Mo.App.2000) (citing *State v. Dunn*, 817 S.W.2d 241, 245 (Mo. banc 1991)). Cross-examination tests the accuracy, veracity, and credibility of a witness, and therefore, cross-examination is not necessarily limited to those issues that tend to prove the issues at trial. *State v. Gardner*, 8 S.W.3d 66, 72 (Mo. banc 1999). We give trial judges wide latitude to impose reasonable limits on cross-examination to avoid prejudice, confusion of the issues, and interrogation that is only marginally relevant. *Mann*, 23 S.W.3d at 835 (citing *Dunn*, 817 S.W.2d at 245). "The trial court's exclusion of 'offers of impeachment on immaterial or collateral matters' does not constitute an abuse of discretion." *Mann*, 23 S.W.3d at 835 (quoting *State v. Taylor*, 944 S.W.2d 925, 935 (Mo. banc 1997)). "A matter is considered to be collateral if the fact in dispute is of no material significance in the case or is not pertinent to the issues developed." *State v. Dunson*, 979 S.W.2d 237, 242 (Mo.App. 1998).

■■ J.G.'s ability to identify defendant was based on totally different circumstances than the circumstances that led to his inability to identify the passenger. J.G. had a close up face-to-face conversation with defendant, whereas he only saw

the passenger with his face masked. The out-of-court identifications were also made under different circumstances. J.G. spontaneously identified defendant in person at the police station on the night of the robbery, whereas J.G. was asked to pick the passenger from a photospread a month later. J.G. was "100%" sure of his identification of defendant but testified that he was not sure if he could identify the passenger because he had not seen the passenger's face. J.G.'s misidentification of the passenger had no probative value on the reliability of J.G.'s identification of defendant and constituted immaterial and collateral evidence that could only serve to confuse the issues before the jury. *See, e.g., People v. Stepney*, 46 Ill.App.3d 328, 4 Ill.Dec. 831, 360 N.E.2d 1206 (1977).

Neither of the cases cited by defendant supports a different result. Each case involved the cross-examination of a witness about the circumstances of that witness's identification of the defendant on matters that were proper subjects of cross-examination. In *State v. Rains*, 537 S.W.2d 219, 224 (Mo.App.1976), we held that the trial court erred in precluding the defendant from cross-examining the sole eyewitness about the police procedures used in his out-of-court identifications of the defendant. In *State v. Hunter*, 544 S.W.2d 58, 59 (Mo.App.1976), the court held that the trial court erred in precluding the defense from cross-examining the sole eyewitness, a bank teller, on her motives for testifying and identifying the defendant as the person who passed a bad check, specifically on whether her employer had pressured her to make an identification.

The court did not abuse its discretion in excluding the evidence of J.G.'s misidentification of the passenger with the shotgun. Point one is denied.

*Conclusion*

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, J. and KENNETH M. ROMINES, J., concur.